**Marvin Ralph BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65653.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 28, 1981.

Rehearing Denied April 29, 1981.

Stanley G. Schneider, Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and William Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

The appellant was found guilty of burglary of a vehicle. The trial court sentenced him to ten years' confinement.

The appellant complains of the following remarks made by the prosecuting attorney during jury argument at the guilt or innocence stage of the trial:

"MR. HARMON: * * *

Mr. Scheve [defendant's counsel] is a criminal defense lawyer. He doesn't have the same duty I do. He represents the criminal. His duty is to see that his client gets off even if it means putting on witnesses who are lying.

"MR. SCHEVE: Your Honor, we object to that.

"THE COURT: I sustain the objection. That is not his duty. It is not his duty to put on any witness that he knows is lying.

"MR. SCHEVE: And furthermore, I would ask for a mistrial.

"THE COURT: I'll deny the mistrial. I have instructed the jury that that's not a correct statement of the law."

The effect of this argument was to instruct the jury that only prosecuting attorneys seek to uphold truth and justice whereas defense counsel have a license to use any means to mislead the jury. *Lewis v. State*, 529 S.W.2d 533 (Tex.Cr.App.1975). By his argument the prosecutor was striking at the appellant over the shoulders of his counsel in an attempt to prejudice the jury against the appellant. *Summers v. State*, 147 Tex.Cr. 519, 182 S.W.2d 720 (1944). The argument was improper and the trial court's instruction to disregard was not sufficient to have removed the prejudice it created. *Bray v. State*, 478 S.W.2d 89 (Tex.Cr.App.1972); *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). The trial court erred in overruling the appellant's motion for mistrial.

The judgment is reversed and the cause is remanded.

ODOM, J., dissents.