Sammy GOMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1225–84.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 18, 1985.

Ralph H. Brock, Sam L. Fadduol, Lubbock, for appellant.

Norman Arnett, Dist. Atty., Sweetwater, and Andrew Ottaway, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of attempted murder. Punishment was assessed at twenty years confinement in the Texas Department of Corrections. In an unpublished opinion, the Eastland Court of Appeals affirmed the conviction. *Gomez v. State*, No. 11–83–308–CR (delivered October 25, 1984). We granted review to determine appellant's contentions concerning 1) improper jury argument, and 2) introduction of prior acts of misconduct in the punishment stage. We need not address the introduction of prior acts of misconduct, because we will reverse for improper jury argument.

Appellant, in two of his grounds of review, argues that the State improperly attacked his attorney in final argument, thus striking at appellant over the shoulders of his attorney. We quote the final arguments relevant to these two grounds of review:

"*PROSECUTOR]:* May it please the Court, Mr. Abeyta, and ladies and gentlemen of the Jury: I don't know, it is kind of an unusual thing. I don't know. I don't recall how many of you have been on jury service before. But I don't think there were many. And I don't know which of you we got on here actually that have served before. But I can't wait for a day when I am prosecuting a case where a defense lawyer will get up and say, 'Jury, they did a bang-up job. My man is guilty as homemade sin. Go in there and convict him.' Now, if you all hold your breath until that happens, you will turn a real pretty blue. It will never happen. *We are not paid to satisfy Pat Abeyta, or anyone else that he drags down here from Lubbock to manufacture evidence.* And you are not—[1]

"MR. ABEYTA [defense attorney]: I object to that in terms of 'manufacture.'

"THE COURT: Sustained.

"MR. ABEYTA: May we have an instruction to the Jury to disregard?

"THE COURT: Jury so instructed.

"MR. ABEYTA: Not withstanding the Court's ruling, and in all due respect to the Court's ruling, we respectfully move for a mistrial then, based on the fact the statement is prejudicial and inflammatory, and designed to inflame the minds of the Jury.

"THE COURT: Motion denied.

"MR. ABEYTA: Note our exception.

"[PROSECUTOR]: *It was designed to make you not lose sight of the fact that Mr. Abeyta is paid to get this defendant off the hook.* And if you can't get him off the hook, get him a little lesser included offense of some kind. Let's get this down to where this Jury is so stupid, that they will believe that this was an improper back-scratching technique employed by his client. Let's give him a speeding ticket. Let's give him some minor offense. That's what he is paid for. Don't forget that.

"MR. ABEYTA: I object to the entire line of statement, as a personal affront to me, in terms of ethical obligation, on his part to present any defense on behalf of my client, that is strictly money-motivated. I object to the entire line of argument. It is a personal affront to my own character, Your Honor. He is slapping at the defendant over my shoulder, is what it amounts to.

"THE COURT: Objection overruled.

"MR. ABEYTA: Note our exception."

The Eastland Court of Appeals held that the State's remarks were clearly improper. However, that court also held that no reversible error resulted. The court held that the allegation of "manufactured evidence" was cured by the trial court's instruction to the jury to disregard, citing *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr. App.1981). The court of appeals also held that the remark that the defendant's attorney was "paid to get this defendant off the hook" was harmless in light of the record as a whole, citing *Simpkins v. State*, 590 S.W.2d 129, 136 (Tex.Cr.App.1979).

■ It is generally understood that proper jury argument falls into one of four categories: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) response to defendant's argument, or (4) a plea for law enforcement. *Hughes v. State*, 563 S.W.2d 581 (Tex.Cr. App.1978).

This Court has shown a special concern for final arguments that constitute uninvited and unsubstantiated accusations of improper conduct directed at a defendant's attorney. See *Fuentes v. State*, 664 S.W.2d 333 (Tex.Cr.App.1984); *Boyde v. State*, 513 S.W.2d 588, 592 (Tex.Cr.App. 1974); *Bray v. State*, 478 S.W.2d 89 (Tex. Cr.App.1972). In *Boyde*, supra, we noted the public did not generally understand that a defense attorney must follow an ethical obligation to undertake the defense of a person regardless of his personal opinion as to the guilt of an accused. We stated:

"This general misunderstanding by the public serves to contribute to the preju-

---

**1.** All emphasis is supplied by the author of this opinion unless otherwise indicated.

dicial effect of an argument by a prosecutor which strikes at a member of the bar for representing a person accused of crime."

To protect defendants from this type of inflammatory argument, this Court has held such argument to be reversible error even if the trial court sustains an objection and instructs the jury to disregard the argument. *Bell v. State,* 614 S.W.2d 122 (Tex.Cr.App.1981); *Lewis v. State,* 529 S.W.2d 533 (Tex.Cr.App.1975); *Boyde,* supra; *Jones v. State,* 205 S.W.2d 590 (Tex.Cr.App.1947). In these cases, we found the argument so inflammatory as to be incurable by jury instruction.

■ In the instant case, the State's first objectionable argument accused appellant's attorney of bringing into court witnesses "to manufacture evidence." The clear import of this argument was that appellant's attorney was engaging in the subornation of perjury. This argument is similar to one made in *Jones,* supra.

In *Jones,* supra at 592, the State argued: "My dear fellow, you needn't have worried one minute because Dusty Miller [the defense attorney] will take care of everything and furnish the evidence." In reversing the conviction, despite a sustained objection and an instruction to disregard, we held:

"The argument evidently had the purpose of pointing out the man who had sufficient mentality to manufacture the evidence that would bring into the case a legal defense." *Jones,* supra.

The argument in the instant case, like the one in *Jones,* supra, was not invited and was not supported by any evidence in the record. Therefore, the argument was clearly improper.

■ The Court of Appeals and the State rely upon *Rudd,* supra, for the proposition that the improper argument was cured. In *Rudd,* supra, we held that an improper argument was cured by an instruction to disregard. However, in the instant case,

the State has not shown how the argument in *Rudd,* supra, is similar.[2] Given the nature of the instant case, it is doubtful at best that the instruction to disregard removed from the inflammatory accusation from the jury's consideration. Therefore, the argument constituted reversible error.

■ Secondly, the State argued to the jury that appellant's attorney would do anything to get his client "off the hook" because that was what he was paid to do. This argument, hard on the heels of the earlier accusation of manufactured evidence, contained the clear accusation that appellant's attorney would suborn perjury, if necessary, to accomplish his paid objective. This argument invited the jury to discredit appellant's defense, clearly striking at appellant over his attorney's shoulder, and was improper. The instant argument is similar to one made in *Bell,* supra.

■ In *Bell,* supra at 123, the State argued: "His [the defense attorney's] duty is to see that his client gets off even if it means putting on witnesses who are lying." We held:

"The effect of this argument was to instruct the jury that only prosecuting attorneys seek to uphold truth and justice whereas defense counsel have a license to use any means to mislead the jury. By his argument the prosecutor was striking at the appellant over the shoulders of his counsel in an attempt to prejudice the jury against the appellant. The argument was improper and the trial court's instruction to disregard was not sufficient to have removed the prejudice it created. [citations omitted]" *Bell,* supra.

In the instant case, the trial court overruled appellant's objection, permitting the jury to believe that the argument was proper, and by implication declined to give an instruction to disregard as was done in *Bell,* supra. However, the court of appeals found the argument harmless in light of

---

**2.** Such a showing would be difficult since Judge Odom's opinion in *Rudd,* supra, did not quote the improper argument or indicate the nature of the error. There is no indication that the argument was striking at a defendant over the shoulders of his attorney.

the record as a whole, citing *Simpkins*, supra.

In *Simpkins*, supra, we were not confronted with an attack by the prosecutor directed at a defendant over the shoulders of his attorney. Therefore, *Simpkins*, supra, is inapposite to the instant case. The type of argument in the instant case has only been found to be harmless when the argument "was a throw-away phrase" with "no logical tie in with the facts or earlier arguments" *and the defendant failed to object*. *Borgen v. State*, 672 S.W.2d 456, 460 (Tex.Cr.App.1984).

In *Borgen*, supra, the State concluded its final argument with the phrase, "as long as lawyers are for hire justice is for sale." The State made no direct reference to defendant's attorney, made no specific accusations, and did not link this statement with any evidence raised in the case. Further, the defendant failed to object or seek an instruction for the jury to disregard the argument. Therefore, we held that the argument, while patently improper, was not so harmful as to require reversal.

In the instant case, the State, in its second improper argument, referred to appellant's attorney by name, made a specific uninvited and unsubstantiated accusation, and linked that accusation to the evidence raised in the case. Further, appellant objected, but the trial court overruled the objection. Under these circumstances, we do not believe that this second argument was harmless.

The cumulative effect of the two arguments addressed ante was to deny the appellant a fair and impartial trial. Therefore, the judgments of the court of appeals and the trial court are reversed, and the cause is remanded to the trial court.