**Richard Vasquez ORONA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–156–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 10, 1987.
Discretionary Review Granted
Feb. 10, 1988.

---

---

Law Offices of Lane, Lane & Ware and Michael Logan Ware, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for the State.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## ADDENDUM TO OPINION

KELTNER, Justice.

Appellant, Richard Orona, has filed a petition for discretionary review, asking the Court of Criminal Appeals to reverse our judgment.

Among other things, Orona complains that our handling of his second point of error dealing with the prosecutor's argument does not address the proper standard of review to be utilized in such cases. In the closing seconds of his initial closing argument, the prosecutor made the following statement:

> I am going to sit down here in a minute and after me the Defense is going to argue. I would caution you, ladies and gentlemen, that they are both very experienced Defense lawyers. They know how to argue to get people off the charges they are charged with.

The State admits this comment was improper and constitutes error. Unfortunately, the trial judge overruled Orona's timely objection. However, the prosecutor re-

---

frained from making any further similar remarks and did not return to this line of argument in the initial or rebuttal closing arguments. Likewise, the prosecutor did not link his comment with any evidence from the trial or any acts of Orona's counsel.

Specifically, Orona contends that the Court of Criminal Appeals set out a different standard of review in cases where the prosecution attempts to strike at the defendant, "over the shoulders of his attorney." *Gomez v. State*, 704 S.W.2d 770, 770 (Tex.Crim.App.1985). Orona contends that Judge Campbell's opinion in *Gomez* sets out a "two-prong" test to determine whether the error was harmless. In that case, the prosecutor argued as follows:

> PROSECUTOR: But I can't wait for a day when I am prosecuting a case where a defense lawyer will get up and say, "Jury, they did a bang-up job. My man is guilty as homemade sin. Go in there and convict him." Now, if you all hold your breath until that happens, you will turn a real pretty blue. It will never happen. *We are not paid to satisfy Pat Abeyta [defense attorney], or anyone else that he drags down here from Lubbock to manufacture evidence.*
>
> MR. ABEYTA [defense attorney]: I object to that in terms of "manufacture."

*Gomez*, 704 S.W.2d at 771.

The court sustains the objection and instructs the jury to disregard, but refuses to grant a mistrial.

> PROSECUTOR: *It was designed to make you not lose sight of the fact that Mr. Abeyta is paid to get this defendant off the hook.* And if you can't get him off the hook, get him a little lesser included offense of some kind.

*Id.*

Orona contends that *Gomez* sets up a two-prong test which dictates that this case be reversed. According to Orona, the State must prove two things to demonstrate that the error was harmless. First, the State must show that the argument, "was a throw-away phrase" with "no logical tie in with the facts or earlier arguments." Second, Orona argues that the

State must prove that the defendant failed to object.

Orona accurately points out that his attorney did object to the argument and that the objection was overruled. As a result, Orona contends that the second prong of the test has not been established by the State.

We disagree with Orona's reading of the Court of Criminal Appeals' decision in *Gomez*. Orona relies on the following paragraph for the conclusion that a two-prong test is mandated in cases where the prosecutor attempts to strike the defendant "over the shoulders of his attorney":

> The type of argument in the instant case has only been found to be harmless when the argument "was a throw-away phrase" with "no logical tie in with the facts or earlier arguments," and *the defendant failed to object.*

*Gomez*, 704 S.W.2d at 774, *citing Borgen v. State*, 672 S.W.2d 456, 460 (Tex.Crim. App.1984) (emphasis in original).

We believe Judge Campbell was merely reviewing the history of the Court of Criminal Appeals' review of these types of cases. We do not believe that the above cited paragraph in *Gomez* was an exclusive list of matters that must be found before such an argument can be held to be harmless. Instead, we believe that the *Gomez* opinion was tailored to its particular facts.

It is clear that the Court of Criminal Appeals has looked with special disfavor on arguments that constitute uninvited and unsubstantiated accusations of improper conduct directed at a criminal defense attorney. *Gomez*, 704 S.W.2d at 770; *Fuentes v. State*, 664 S.W.2d 333 (Tex. Crim.App.1984). The reason for this special treatment is that the public does not generally understand that a defense attorney has a high ethical obligation to undertake the defense of a person regardless of his personal opinion as to the guilt or innocence of the accused. *Gomez*, 704 S.W.2d at 771.

Historically, the Court of Criminal Appeals has reversed convictions for these types of arguments only when the prosecu-

tor's argument implied improper or dishonest conduct on the part of the defense counsel. For example, when a prosecutor suggested that the defense counsel's "duty" included "putting on" witnesses that the defense counsel knew were "lying," our Court of Criminal Appeals had no problem in finding the error to be harmful. *Bell v. State,* 614 S.W.2d 122, 123 (Tex. Crim.App.1981). Likewise, in the *Gomez* case, the prosecutor implied that evidence had been "manufactured" and designed to make the jury "lose sight of the fact that [defense counsel] is paid to get the defendant off the hook." *Gomez,* 704 S.W.2d at 771.

However, in *Borgen,* the prosecutor argued in conclusion "as long as lawyers are for hire justice is for sale." *Borgen,* 672 S.W.2d at 457. In *Borgen,* the Court of Criminal Appeals held that the above quoted phrase was a "throw-away phrase" with "no logical tie in with the facts or earlier arguments." The court also held that in light of the whole record and the lack of objection, that the argument was not a violation of due process of law.

In the instant case, the State admits that the argument was improper. However, the State argues that the error in overruling the objection was harmless. While we are troubled by the trial judge's overruling of the objection, we believe, in light of the record as a whole, the statement was not so prejudicial, under the facts of the case, as to call for reversal or reflect a violation of due process of law.