Cooper v. State 






NO. 10-89-273-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          CLINTON LADON COOPER,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 90-898-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted of aggravated robbery. Several points on appeal relate to whether
the court should have disqualified three jurors for cause. Appellant also argues that the court erred
when it denied his motion to suppress, denied his motion to discover an informant's identity, and
allowed inadmissible testimony about his reputation during the punishment phase. Finally, he
complains about improper jury argument. We will affirm.
          Appellant challenged juror Aguilar for cause on the grounds that he could not read or write
English. He also challenged two other jurors, Ordones and Compton, for cause on the grounds
that, based on a hypothetical fact situation, they said they would find a defendant guilty even if
one of the essential elements of the offense were not proven beyond a reasonable doubt. Appellant
complains in points one through three about the denial of his challenges for cause.
          To preserve a complaint about the denial of challenges for cause, a defendant must request
additional peremptory challenges and have that request denied or somehow show that the court
would not have granted him additional challenges. Cantrell v. State, 731 S.W.2d 84, 94 (Tex.
Crim. App. 1987). The record does not show that Appellant ever requested additional peremptory
challenges and had them denied or that the court would have denied any such request. 
Furthermore, the record reflects that: (1) Aguilar, who went to school through the seventh or eight
grade, said that he could read and write English "a little bit"; and, (2) after a thorough explanation
by the court, Ordones and Compton did not indicate that they would not be able to follow the law. 
Accordingly, Appellant's challenges for cause were unwarranted. See Tex. Code Crim. Proc.
Ann. art. 35.16(a)(11),(c)(2) (Vernon 1989). Points one, two, and three are overruled.
          An informant told officers that there was a warrant for Appellant's arrest, that Appellant
had admitted using a blue four-door Plymouth to commit a robbery, and that he might be found
at Sanger and 22nd Streets. Officers proceeded to that address. At approximately 4:00 A.M.,
they saw two people in a car that matched the informant's description and stopped the vehicle. 
The two women in the car informed police that the car belonged to Appellant, and a tag in the
vehicle's back window also indicated that Appellant owned the vehicle. After the women, who
admitted they they did not have Appellant's permission to use the car, refused to allow officers
to search the vehicle, the car was impounded. Officers then conducted an inventory search of the
vehicle pursuant to police regulations and found a shotgun in its trunk.
          Appellant filed a motion to suppress the evidence seized from the car, claiming that the
search and seizure violated his constitutional rights. His fourth point is that the court erred when
it denied the motion.
          Generally, warrantless searches are per se unreasonable under the Fourth Amendment. 
Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). However,
warrantless searches of an automobile may be upheld in some circumstances where a warrantless
search of a house or office would not be justified. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct.
1975, 1981, 26 L.Ed.2d 419 (1970). For a warrantless search of an automobile to be valid, there
must be probable cause to search the vehicle, and exigent circumstances must exist which make
obtaining a warrant impracticable. Gauldin v. State, 683 S.W.2d 411, 414 (Tex. Crim. App.
1984). 
          Probable cause exists when the facts and circumstances, which are within the officer's
knowledge and of which he has trustworthy information, would lead a man of reasonable caution
and prudence to believe that he will discover the instrumentality of a crime or evidence pertaining
to a crime. Delgado v. State, 718 S.W.2d 718, 722 (Tex. Crim. App. 1986). Exigent
circumstances exist because a car is moveable, its occupants are alerted, and the contents of the
vehicle may never be seen again. Chambers, 90 S.Ct. at 1981. 
          Here, an informant told officers that there was a warrant for Appellant's arrest, that
Appellant had admitted using a blue four-door Plymouth to commit a robbery, and that officers
might locate Appellant at Sanger and 22nd Streets. When officers stopped the vehicle matching
the informant's description, the occupants claimed the car belonged to Appellant. Based on this
information, officers had probable cause to believe that an instrumentality of the robbery or
evidence pertaining to the robbery would be found in the car. See Delgado, 718 S.W.2d at 722. 
If the officers would have been required to obtain a search warrant, either the women or
Appellant, who had not been detained, could have disposed of the shotgun. See Chambers, 90
S.Ct. at 1981.
          Furthermore, officers had a right to conduct an inventory of the vehicle when they lawfully
impounded it. See South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000
(1976). The purposes of an inventory search are to (1) protect the owner's property, (2) protect
police from claims that property has been lost or stolen, and (3) enable police to respond to theft
or vandalism. Id., 96 S.Ct. at 3097. Courts have "consistently sustained police intrusions into
automobiles impounded or otherwise in lawful police custody where the process is aimed at
securing or protecting the car and its contents." Id. at 3099. This is because inventories
conducted in accordance with standard police procedures are presumably reasonable. Id. at 3098-99. Because the shotgun found in the car was discovered as a result of a measure taken to
impound the vehicle and protect it while it remained in police custody, its seizure without a
warrant was reasonable. See Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 2530, 37
L.Ed.2d 706 (1973). 
          The warrantless search of the car and seizure of the shotgun were justified because officers
had probable cause to search the vehicle and exigent circumstances existed. Furthermore, the
shotgun was seized during a lawful inventory search. Accordingly, Appellant's fourth point is
overruled.
          Prior to trial, Appellant filed a motion to compel the State to disclose the identity of its
confidential informant. He asserted in his motion that 
[t]he informant is a material witness in this cause, in that the informant may have been
present during the occurrence forming the basis of the indictment herein, and is in a
position to testify directly about the circumstances leading to the arrest of [Appellant], and
therefore, the identity of the informant is necessary to a fair determination of the cause.
          At a hearing, Officer Moore testified that the informant told him that Appellant admitted
committing the robbery and that the informant was not present during the commission of the
offense. Appellant asked the court to instruct Moore to disclose the informant's identity, asserting
that "the confidential informant is a material witness in that according to [Moore's] testimony [the
informant] had conversations with [Appellant] and . . . the credibility and the knowledge of this
confidential informant may be critical to the defense of this case." Point five is that the court erred
when it refused to instruct the State to disclose the identity of its informant.
          Generally, the state does not have to disclose the identity of its informants. Tex. R. Crim.
Evid. 508(a). However, it may be required to disclose an informant's identity if the informant
could provide testimony "necessary to a fair determination of the issues of guilt [or] innocence." 
Id. at 508(c)(2). A defendant has the initial burden of demonstrating that the identity should be
disclosed. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964),
rehearing denied, 377 U.S. 940, 84 S.Ct. 1330, 12 L.Ed.2d 303 (1964). He must present
evidence, not mere conjecture or speculation, to discharge this burden. Bodin v. State, 807
S.W.2d 313, 318 (Tex. Crim. App. 1991).
          The evidence showed that Appellant told the informant about the robbery and that the
informant merely related that information to police. Appellant merely asserted that the identity
of the informant might be material to the defense, but he never offered any evidence to support
that assertion. Thus, the court did not err when it refused to require the State to disclose the
informant's identity, and point five is overruled.
          The prosecutor made the following argument during the guilt-innocence phase:
Through the whole trial we've talked to you about the rights of [Appellant], the rights of
[Appellant]. Well, what about the rights of the law abiding citizens, ladies and gentlemen? 
It's time we stand up for our rights. I mean we've got every right to stand up for our
rights. We've got a right to be protected from people like [Appellant], who by your
verdict you're going to send a message to the community and people contemplating doing
something like robbery that we will not tolerate that in McLennan County. I mean every
night we go home and lock ourselves up in our houses and the wrong people are being
locked up. We shouldn't have to be locked up from people like this. They should be
locked up away from us.
Appellant complains in point six that the court erred when it overruled his objection that this
argument was improper.
          Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to an opponent's argument;
or (4) a plea for law enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App.
1973). The state has wide latitude in argument, and error does not result unless the argument is
extreme, manifestly improper, or injects new and harmful facts. Denison v. State, 651 S.W.2d
754, 762 (Tex. Crim. App. 1983).
          The prosecutor's argument was a plea for law enforcement. See Alejandro, 493 S.W.2d
at 231. Appellant asserts that, because this argument was made during the opening argument on
guilt-innocence when the only issue to be decided was his guilt or innocence, a plea for law
enforcement was improper. He has failed, however, to cite any authority to support this
contention, and none has been found. Even if the argument was improper, it was not extreme,
manifestly improper, and did not inject new and harmful facts. See Denison, 651 S.W.2d at 762. 
Thus, any error was harmless. See id. We overrule the sixth point.
          During the State's closing argument on guilt-innocence, the following occurred:
Defense Counsel is telling you this case is a case of mistaken identity, the State hasn't
proved it's case, hasn't proved that [Appellant] is the person who went in and stole the
money. I submit to you our evidence clearly shows that this is not only an individual
sitting in this courtroom who would go in and take property and money that doesn't belong
to him, but will use a weapon to do so and he will do it in such a fashion that other
innocent citizens are in fear of serious bodily injury or death and that man is sitting right
there, right there. That's the man.
I'm going to tell you why what Defense Counsel has told you is not only not the
truth, it's not even close.
[APPELLANT'S COUNSEL]: Your Honor, I'm going to object to the State
stating to the Jury that Defense Counsel is lying to them when he knows quite frankly that
that's not true.
[PROSECUTOR]: Based on the evidence, Your Honor.
THE COURT: Argue the evidence.
[PROSECUTOR]: Thank you, Your Honor.
[APPELLANT'S COUNSEL]: May I have --
THE COURT: Overruled.
[APPELLANT'S COUNSEL]: Thank you.
[PROSECUTOR]: I refer to this personally as rabbit trails.
[APPELLANT'S COUNSEL]: I object, Your Honor. That's striking at
[Appellant] over the shoulders of the Defense lawyer in violation of my client's rights
under the due process laws and the United States Constitution and the Texas Constitution.
THE COURT: Overruled, sir.
          The argument was proper because it was an answer to the argument by Appellant's counsel
that the case was one of "mistaken identity." See Alejandro, 493 S.W.2d at 231. However,
assuming that it was improper, the critical inquiry is whether, viewing the record as a whole, it
was extreme or manifestly improper, violated a mandatory statute, or injected new and harmful
facts. See Bell v. State, 724 S.W.2d 780, 803 (Tex. Crim. App. 1986). The prosecutor did not
accuse Appellant's attorney of manufacturing evidence, perjury, or wrong-doing. Compare
Gomez v. State, 704 S.W.2d 770, 772 (Tex. Crim. App. 1985) (holding that accusing the defense
attorney of manufacturing evidence was reversible error and could not be cured by an instruction);
Cook v. State, 537 S.W.2d 258, 261 (Tex. Crim. App. 1976) (holding that accusing the defense
attorney of "trickery" was reversible error and could not be cured by an instruction). The
argument was not extreme or manifestly improper, did not violate a mandatory statute, and did
not inject new and harmful facts; thus, any error was harmless. See Bell, 724 S.W.2d at 803. 
Point seven is overruled.
          Appellant's final point is that the court erred when, during the punishment phase, it
allowed three witnesses to testify about his reputation over a defense objection. Point eight is
overruled because evidence of Appellant's general reputation and character was admissible during
the punishment phase. See Tex. Code Crim. Proc. Ann. art. 37.07(3)(a) (Vernon Supp. 1991);
Hoffert v. State, 623 S.W.2d 141, 147 (Tex. Crim. App. [Panel Op.] 1981). We affirm the
judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed August 15, 1991
Do not publish