IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-209-CR





ARTAVIAS TODD EDWARDS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 39,777, HONORABLE C. W. DUNCAN, JR., JUDGE 



 





 After the jury found appellant guilty of the offense of unauthorized use of a motor
vehicle, Tex. Penal Code Ann. § 31.07 (1989), the court assessed punishment, enhanced by three
prior felony convictions, at ten years' confinement. In a single point of error, appellant complains
that the trial court erred in overruling appellant's objection to the prosecutor's argument that the
prosecutor was striking at appellant over his counsel's shoulders. We reject appellant's point of
error and affirm the trial court's judgment.

 In closing argument at the guilt-innocence stage of the trial the prosecutor argued:


One thing I want to point out right off the bat is if the defendant's own lawyer
doesn't know what a reasonable doubt in this case is, what does that tell you? It
tells you --


[Defense Counsel]: Your Honor, I'm going to object to that. I ran through a
litany of things that could be reasonable doubt. I object to the insinuation of
striking at the defendant over counsel.


THE COURT: Overruled. You may proceed.


. . . .


[Prosecutor]: As I was saying, if he doesn't know where it is, that probably means
there isn't any.



 Counsel for defendant began his argument by noting that the testimony had been
"rather short" and "this one [trial] is fairly cut and dry with respect to the fact situations." Shortly
thereafter, defense counsel argued:



 Artavias Todd Edwards stood up and told you, "I'm not guilty," and the
evidence was presented after that. The question is, where's the reasonable doubt. 
I don't know. That's what you have to decide. You are the fact finders.



 Appellant contends that the prosecutor's argument insinuated that defense counsel
was not competent in that he did not know what constituted a reasonable doubt. Appellant asserts
that the argument of the prosecutor was an attempt to inflame the minds of the jury to appellant's
prejudice.

 Proper jury argument must generally come within one of the following four areas: 
(1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to
argument of opposing counsel; and (4) plea for law enforcement. Bell v. State, 724 S.W.2d 780,
803 (Tex. Crim. App. 1986); Franklin v. State, 693 S.W.2d 420, 429 (Tex. Crim App. 1985).

 In Gomez v. State, 704 S.W.2d 770 (Tex. Crim. App. 1985), the court noted that
it had shown a special concern for final arguments that constitute accusations of improper conduct
directed at a defendant's attorney. In Gomez, the prosecutor argued that the defense attorney was
bringing witnesses into court "to manufacture evidence." Id. at 771. The court found the
implication of this argument was that defense counsel was engaging in the subornation of perjury. 
Id. at 772. The foregoing argument was followed by the prosecutor's statement that defendant's
attorney would do anything to get his client "off the hook." Id. at 771. The court concluded that
this argument, following the accusation of manufactured evidence, contained the clear implication
that defendant's attorney would suborn perjury, if necessary, to accomplish his objective. The
court held that the prosecutor's arguments invited the jury to discredit defense counsel, clearly
striking at the defendant over his attorney's shoulder, and was improper. In finding reversible
error, the court concluded that the cumulative effect of the two arguments was to deny the
defendant a fair and impartial trial. Id. at 773.

 In Bell v. State, 614 S.W.2d 122, 123 (Tex. Crim. App. 1981), the Court of
Criminal Appeals reversed a judgment where the prosecutor had argued that it was defense
counsel's duty to see that his client gets off "even if it means putting on witnesses who are lying." 
In Clarke v. State, 785 S.W.2d 860, 871 (Tex. App. 1990, no pet.), the court stated:


 Proper analysis of argument covering the tactics of opposing counsel is both
important and difficult. On the one hand, debunking the defense theory of the case
is the prosecutor's prerogative, and in fact, it's his job. On the other hand,
character assassination or implication of unethical conduct not supported by the
record obviously should not be condoned.



 In the instant cause, the appellant rested and closed without offering any evidence. 
In his argument to the jury, appellant's counsel observed that the facts were undisputed. Among
the hypotheses that might have shown the innocence of appellant, counsel suggested that someone
other than the alleged owner may have given appellant permission to take the vehicle.

 Prior to the complained of argument by the prosecutor, appellant's counsel had
argued that he didn't know "where's the reasonable doubt" in the case and that would be a matter
for the jury to determine. We do not believe the jury would infer that the prosecutor was
suggesting that appellant's counsel was incompetent. When taken in the context of the facts and
argument, a more logical inference is that the prosecutor's argument was calling the jurors'
attention to appellant counsel's inability to point to any evidence that would cast a reasonable
doubt as to appellant's guilt.

 We find that the complained of argument was a proper response to the argument
of appellant's counsel. Further, we are unable to conclude that prosecutor's argument constitutes
accusations of lack of ability or improper conduct on the part of appellant's counsel. Appellant's
point of error is overruled.

 The judgment is affirmed.



 Tom G. Davis, Justice


[Before Chief Justice Carroll, Justices Kidd and Davis*]

Affirmed

Filed: January 8, 1992

[Do Not Publish]































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).