IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-246-CR




DAVID ENGLEHARDT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 102,952, HONORABLE BOB JONES, JUDGE PRESIDING



 





 After finding the appellant guilty of sexual assault, Tex. Penal Code Ann.
§ 22.011 (Supp. 1992), the jury assessed punishment, enhanced by a prior felony conviction,
at ninety-nine years.

 Appellant asserts two points of error. In his first point of error, appellant
urges that arguments made by the prosecutor at the guilt-innocence stage of the trial
constituted reversible error. The failure of the court to grant his motion for mistrial as a
result of the prosecutor's argument at the punishment phase forms the basis of appellant's
second point of error. We overrule appellant's points of error and affirm the judgment of
the trial court.

 While the sufficiency of the evidence to sustain the conviction is not challenged,
a brief review of the facts is deemed necessary for an analysis of appellant's points of error. 
The victim, a seventy-one year old woman, was roused from her sleep when appellant
bumped her bed. Appellant placed his hand over the victim's face and mouth, told her to
be quiet, tore her night diaper off and sexually penetrated her for about an hour. At the
time of the attack, the victim was in pain from recent hip surgery and suffered heart, thyroid
and diabetic problems. The police arrived at the scene five or six minutes following the
assault and found appellant in a stairwell near the victim's apartment. Medical examination
of the victim revealed abrasions to the vagina and a traumatic entry. The examining doctor
testified that his findings were unusual in that there was a "higher degree of force, traumatic
injury." 

 In his first point of error, appellant contends that the prosecutor made a
number of improper arguments at the guilt-innocence stage of the trial. Appellant asserts
that the cumulative effect of the arguments was so prejudicial as to deny him a fair trial.

 By combining more than one contention, appellant risks rejection of review for
asserting a multifarious point of error. See Sterling v. State, 800 S.W.2d 513, 521 (Tex.
Crim. App. 1990). Nevertheless, we will review this point of error in the interest of justice. 
See Melton v. State, 713 S.W.2d 107, 113-14 (Tex. Crim. App. 1986).

 Appellant directs our attention to the argument of the prosecutor that defense
counsel's role in the courtroom "is to be an advocate for his client." The Court's response
to appellant's objection was to instruct the jury to "take the evidence from the witness
stand." The court's instruction does not constitute an adverse ruling so as to preserve
anything for review. See Mayberry v. State, 532 S.W.2d 80, 84 (Tex. Crim. App. 1976). 
Moreover, we fail to perceive any harm to appellant as a result of the prosecutor's argument.

 Appellant complains of the court's action in overruling his objection to the
prosecutor's argument that the physical acts of the appellant directed toward the victim
constituted a threat when no verbal threats had been made. In Richardson v. State, 753
S.W.2d 759, 765 (Tex. App. 1988, no pet.), a sexual assault case, the court held that a threat
may be communicated through acts, words or deeds.

 Appellant contends the prosecutor was outside the record in arguing that
appellant was still in the area because he realized that he did not have his beeper "and he had
to come back [to the victim's room]." In light of the fact that the appellant was arrested near
the victim's room, we find that the argument was a permissible deduction from the evidence.

 Appellant next complains of the prosecutor's argument that if the victim had
made any statement inconsistent with her trial testimony, "don't you know if she had said
anything . . ." Appellant's objection, that the argument was outside the record, prevented
the prosecutor from completing his statement. The prosecutor appeared to be responding
to the appellant's argument that the victim may not have remembered what happened
because of her advanced age and poor health. While the prosecutor's statement was not
completed, the jury could logically conclude that the thrust of the argument was that
appellant would have brought out any inconsistent statement made by the victim. Appellant
has not cited any authority in support of his contention. Nor do we perceive any error in the
complained-of argument.

 Lastly, appellant complains of the prosecutor's argument, "I would think it
would be a gross miscarriage of justice for such a horrible, horrible thing to happen to her
and for him just to walk clean." Appellant's objection that the State is asking the jury to
find "my client guilty for a reason other than the evidence" was sustained and the jury was
instructed to disregard. Motion for mistrial was overruled. We find that error, if any, in
the prosecutor's argument was not so inflammatory that its prejudicial effect could not be
removed by the court's admonishment to disregard. See McKay v. State, 707 S.W.2d 23, 37
(Tex. Crim. App. 1985).

 We are unable to conclude that the cumulative effect of the prosecutor's
arguments was so prejudicial as to deprive appellant of a fair and impartial trial. 
Appellant's first point of error is overruled.

 In his second point of error, appellant complains of the prosecutor's argument
made during the punishment stage of the trial:



Remember the defense attorney pointed his finger at everybody else, at the
officers, at the victim herself and her identification and what happened to her. 
And he did that for a reason, to take your focus from his client --



 The court sustained appellant's objection that the prosecutor was striking at
appellant over his counsel's shoulders and admonished the jury to disregard the prosecutor's
statement. Appellant's motion for mistrial was overruled.

 In Gomez v. State, 704 S.W.2d 770, 771 (Tex. Crim. App. 1985), the prosecutor
argued that defense counsel was bringing witnesses into court "to manufacture evidence" and
that the defendant's attorney would do anything to get his client "off the hook." The court
concluded that the cumulative effect of the two arguments was to deny the defendant a fair
and impartial trial. In Bell v. State, 614 S.W.2d 122, 123 (Tex. Crim. App. 1981), the
prosecutor argued that it was defense counsel's duty to see that his client gets off "even if it
means putting on witnesses who are lying"; the court held that this remark constituted
reversible error.

 We do not believe the argument in the instant cause rises to the level of the
arguments condemned in Gomez and Bell. We conclude that error, if any, in the
prosecutor's argument was cured by the court's prompt instruction to disregard. Appellant's
second point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed

Filed: April 15, 1992

[Do Not Publish]























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).