TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00579-CR







Thomas Reyes, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0931534, HONORABLE MIKE LYNCH, JUDGE PRESIDING







PER CURIAM



 A jury found appellant guilty of aggravated sexual assault. Act of May 26, 1987, 70th
Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th
Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). The district court assessed punishment at imprisonment for forty years.

 In his only point of error, appellant contends the district court erred by permitting the
prosecutor to strike at appellant through defense counsel. During jury argument, the prosecutor
said, "Mr. Shuvalov [defense counsel] gets paid to come up here and not be satisfied with the
State's case. He will come in here next week and say the same thing. That's his job and he is
doing his job." Appellant's objection was overruled.

 The prosecutor's argument did not attack defense counsel's character or accuse counsel
of improper conduct. Cf. Gomez v. State, 704 S.W.2d 770, 771 (Tex. Crim. App. 1985); Fuentes
v. State, 664 S.W.2d 333, 337 (Tex. Crim. App. 1984); Bell v. State, 614 S.W.2d 122, 123 (Tex.
Crim. App. 1981); Lewis v. State, 529 S.W.2d 533, 534 (Tex. Crim. App. 1975). The
prosecutor was merely responding to defense counsel's argument, during which he vigorously
attacked the sufficiency of the State's evidence. Similar arguments under similar circumstances
have been held to be permissible adversarial comment. McGee v. State, 774 S.W.2d 229, 238-39
(Tex. Crim. App. 1989); Shipp v. State, 482 S.W.2d 870, 871 (Tex. Crim. App. 1972). No error
is presented.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: February 8, 1995

Do Not Publish