In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00122-CR

                                                ______________________________

 

 

                             VANESSA RENEE WREYFORD,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                             Smith County, Texas

                                                      Trial Court No. 002-83290-09

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In a jury
trial, in contesting mainly whether Vanessa Renee Wreyford was intoxicated at
the time she drove along a public thoroughfare in Smith County,[1]
the attorneys got a little testy.  In the
process, Jacob Putman, Assistant District Attorney, improperly characterized
Wreyford’s counsel as having “lied to the jury” and, at a different time, as a “snake
oil salesman.”

            Wreyford
appeals from her conviction for driving while intoxicated (DWI) and her
sentence of ninety days’ confinement in the Smith County jail.  Wreyford alleges that the evidence is legally
insufficient[2] to support her
conviction and that the trial court erred in overruling objections to the State’s
statements concerning her attorney.  Although
we condemn the above statements of Putman verbally abusing Wreyford’s attorney,
we affirm the trial court’s judgment, because (1) sufficient evidence
supports Wreyford’s DWI conviction, and (2) no reversible error appears
concerning the State’s statements.

 

 

(1)        Sufficient Evidence
Supports Wreyford’s DWI Conviction

 

            In evaluating Wreyford’s legal
sufficiency challenge, we review all of the evidence in the light most
favorable to the jury’s verdict to determine whether any rational jury could
have found the essential elements of DWI beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Sanders
v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield v. State, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010,
pet. ref’d) (citing Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). 
During our examination, we give deference to the responsibility of the
jury “to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).

            Sufficiency
of the evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Grotti
v. State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); Vega v. State, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008).  Under a hypothetically correct jury charge, Wreyford
committed the offense of DWI if (1) she (2) operated (3) a motor vehicle (4) in
a public place (5) while intoxicated. 
Tex. Penal Code Ann. §
49.04 (Vernon 2003).  “Intoxicated,” the
crux of Wreyford’s complaint, means:

(A)       not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the
body; or

 

(B)       having
an alcohol concentration of 0.08 or more.

 

Tex. Penal Code Ann.
§ 49.01(2) (Vernon 2003).

 

            Trooper Trevor Phillips was
patrolling the highway at 11:00 p.m. when he noticed Wreyford’s vehicle was
without a front license plate and with “a defective license plate light on the
very back.”  He testified she was driving
“40 to 45 miles an hour” in a “65-mile-per-hour zone.” Phillips “initiated
[his] emergency lights” and claimed Wreyford “was slow to respond.”  After initial contact, Wreyford was able to
retrieve her license and insurance without difficulty.  Yet, because Phillips “detected a strong odor
of an alcoholic beverage coming from the interior of the vehicle,” he asked her
to exit the vehicle and determined that the smell of alcohol was “coming from
her breath and person.”  Wreyford told
Phillips she “had one to one and a half beers.” 


            Phillips “noticed
she wasn’t walking a straight line as she walked towards the front portion of
[his] vehicle,” and decided to administer a series of field sobriety
tests.  According to Phillips, Wreyford
exhibited six out of six clues during the horizontal gaze nystagmus test,
including a pronounced lack of “smooth pursuit” in both eyes.  Noting the NHTSA statement that a display of
four or more clues indicates a high probability of intoxication, Phillips moved
to the walk and turn test.  He testified
Wreyford failed this test because she “couldn’t balance during instruction; she
also started too soon; she missed heel to toe; she stepped off line; and she
turned improperly.”  Phillips also
claimed Wreyford “swayed while balancing, . . . put her foot down and . . .
used her arms for balance” during the one-leg-stand test.  Wreyford passed the fourth “finger count
observation” test.  

            After
administering these tests, Phillips concluded with “100 percent” assurance that
Wreyford was intoxicated.  Wreyford “refused
to provide any type of breath sample.” 
In transit to the jail following her arrest, Wreyford told Phillips “she
believed she [was] a little intoxicated but didn’t deserve to go to jail.”  Wreyford reportedly used profanity and then
began to fall asleep.  

            After
hearing Phillips’ testimony and watching a video recording of the arrest, the
jury found Wreyford guilty.  Viewing all
of the evidence in a light most favorable to the jury that found Phillips’
testimony credible, we conclude that a rational jury could find beyond a
reasonable doubt that Wreyford did not have the normal use of her physical
faculties by reason of the introduction of alcohol.  The evidence is legally sufficient to support
the jury’s verdict.

(2)        No Reversible Error Appears Concerning the
State’s Statements

 

            Permissible
jury argument falls into one of four areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) an answer to the argument of opposing counsel;
or (4) a plea for law enforcement.  Cannady v. State, 11 S.W.3d 205, 213
(Tex. Crim. App. 2000).  Argument that
strikes at a defendant over the shoulders of defense counsel is improper.  Wilson
v. State, 7 S.W.3d 136, 146–47 (Tex. Crim. App. 1999); Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995).  A prosecutor risks improperly “striking at a
defendant over the shoulder of counsel when the argument is made in terms of
defense counsel personally and when the argument explicitly impugns defense
counsel’s character.”  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).
 Such argument has been repeatedly
condemned.  Gomez v. State, 704 S.W.2d 770 (Tex. Crim. App.
1985); Fuentes v. State,
664 S.W.2d 333 (Tex. Crim. App. 1984).

            Even when an
argument exceeds the permissible bounds of these approved areas, it will not be
reversible unless the argument is extreme or manifestly improper, violates a
mandatory statute, or injects into the trial new facts harmful to the accused.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citing Todd v. State, 598 S.W.2d 286, 296–97
(Tex. Crim. App. 1980)).  The prosecutor’s
remarks must have been a willful and calculated effort to deprive a defendant
of a fair and impartial trial.  Id. (citing Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)).  In most instances, the court’s instruction to
disregard the remarks will cure the error.  Wilkerson
v. State, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994); Cooks v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).

            During jury argument at the
guilt/innocence phase, Erick Platten, Wreyford’s attorney, referred to Phillips
and argued:

The evidence as you heard it from this stand.  That’s what we’ve got.  You just don’t show up and start slinging
stuff all over the place and see what’s going to catch.  Well, I’m trained in field sobriety testing,
and I’ve pulled over so many people and this, that and everything else.  I am not saying he’s a bad guy or anything
like that.  He is doing his job.  Doing a job that the billboards throughout
this state say.  You drink.  You drive. 
You go to jail.  I am not
endorsing alcohol and drunk driving, like I said, but what y’all saw was
someone that was not driving while intoxicated.

 

            The
following exchange occurred during the subsequent argument by Assistant
District Attorney Putman:

            MR. PUTMAN:          The walk and turn test. 
You need two clues to be intoxicated. 
She had five clues.  Now,
understandably, you couldn’t see them on the video.  She misses heel to toe and steps off
line.  You couldn’t see it because the
hood of the car was in the way.  There is
nothing we can do about that.  But the
trooper was there, and he told you. 
Trooper Phillips has no reason to lie to you.  And make no mistake, Mr. Platten flat out
called him a liar.  He said, I don’t
think he’s a bad guy.  I think he was
doing his job.  But that’s not all he
said.  He said—

 

            MR. PLATTEN:         Objection.  Striking at
the defendant over the shoulder of the attorney, Your Honor.  

 

            MR.
PUTMAN:          Judge, I can’t help it if
Mr. Platten lied to the jury. 

 

            MR.
PLATTEN:         I did not lie to the
jury. 

 

            THE COURT:            Number one, Mr. Platten, your objection is denied.  Number two, your sidebar comment to Mr.
Platten just then, Jurors, disregard that. 
Make your argument to the jury. 

 

            At the time
of Platten’s objection, Putman was, initially, not attacking Platten personally,
but was responding to Platten’s suggestion that Officer Phillips’ testimony
should not be believed.  An answer to the
argument of opposing counsel challenging the credibility of a witness is proper
fodder for jury argument.  See Waites v. State, No. 06-09-00096-CR,
2010 WL 2477783, at *3 (Tex. App.—Texarkana June 18, 2010, no pet.) (mem. op.,
not designated for publication); Blue v. State,
No. 14-09-00184-CR, 2010 WL 1655485, at *7 (Tex. App.—Houston [14th Dist.] Apr.
27, 2010, no pet.) (mem. op., not designated for publication);[3]
Mijores v. State, 11 S.W.3d 253, 256
(Tex. App.—Houston [14th Dist.] 1999, no pet.); Giesburg v. State, 945 S.W.2d 120, 126 (Tex. App.—Houston [1st
Dist.] 1996), aff’d, 984 S.W.2d 245
(Tex. Crim. App. 1998).

            In direct
and immediate response to Platten’s objection, however, Putman personally and
explicitly impugned Platten’s character by claiming Platten lied to the
jury.  Clearly, this was improper.

            Both the
Texas Supreme Court and the Texas Court of Criminal Appeals have adopted “The
Texas Lawyer’s Creed—A Mandate for Professionalism” in an attempt to eliminate
such abusive practices by lawyers.  Such
abusive practices do a disservice to citizens and demean the legal profession.  That Creed mandates that a lawyer will not “attribute
bad motives or unethical conduct to opposing counsel” or make “disparaging
personal remarks . . . towards opposing counsel. . . . “  The Texas Lawyer’s Creed-A Mandate for
Professionalism III (10) (adopted by the Supreme Court of Texas and The Texas
Court of Criminal Appeals Nov. 7, 1989), reprinted
in Texas Rules of Court 804–05 (West 2010).

            We
often hear disparaging comments about lawyers, judges, and the legal system at
large.  Putman’s conduct here encourages
and, in part, validates those who would attack our justice system.  If those of us in the legal system expect
citizens to respect the system and the rule of law, judges and lawyers must act
in a professional and respectful manner. 
In exercising their vital role of advocates in our system, lawyers must
behave professionally and ethically. 
Instead of inculcating public confidence in our legal system, Putman’s
statements lacked that professionalism and embarrassed the system.

            Platten did
not, however, object to Putman’s accusing him of lying; he simply denied the
accusation.  Though the statement that
Platten lied to the jury constituted a strike at a defendant over the shoulders
of defense counsel, the issue is not before us as a ground for reversal.  Also, the trial court recognized the improper
character of Putman’s statement and directed the jury to disregard it.  See
Tex. R. App.
P. 33.1; Mijores, 11 S.W.3d at
256.[4]  This improper statement was not preserved for
our review, and the trial court provided Wreyford all she could have reasonably
asked for, the instruction that the jury disregard it.

            Wreyford also
argues the trial court erred in failing to sustain objections to Putman’s
argument during the punishment phase.  To
place the argument into context, we review the record during Platten’s closing
argument in the guilt/innocence phase. 
In closing argument, Platten stated: 

[PLATTEN:]   I hope I wasn’t putting you to sleep when I
was asking these questions because that was not my intention.  I had to be as thorough as possible about
some of these things.  Because that’s my
job.  My job is not to stand up here and
be a snake oil salesman and try to make something that it’s not.  That’s not what I’m doing. 

  

 

 

            At
punishment, the following record was made:

 

            MR. PUTMAN:          Mr. Platten told you he wasn’t a snake oil salesman.  Remember his closing argument?

 

            MR. PLATTEN:         Objection to striking at the defendant over the shoulder of
the attorney. 

 

            THE
COURT:            Denied.


 

            MR. PUTMAN:         That’s
exactly what he said is he wasn’t a snake oil salesman.  I
disagree.  She got up here and said—

 

            MR.
PLATTEN:         Objection for name
calling. 

 

            THE
COURT:            Denied.


 

            MR. PUTMAN:         She
got up here and told you her family is sick. 
She has responsibilities.  Please
don’t punish me.

 

(Emphasis added.)  

 

            The
objection “for name calling” was an objection to striking at the defendant over
the shoulder of the attorney.  Tex. R. App. P.
33.1(a)(1)(A).  The objection was made in
response to another personal attack on Platten—that he was a snake oil
salesman.  This remark, too, was
improper.[5]
 Wilson,
7 S.W.3d at 147; Mosley, 983 S.W.2d at 259 (argument suggesting
counsel wanted to divert jury from truth was assumed inappropriate).  The trial court should have sustained that
objection.  But, we do not believe that
error was reversible.

            Because
comments striking at the defendant over the shoulder of counsel have “never
been held to amount to a constitutional violation,” but instead “constitute ‘other
errors’ within the purview of Rule 44.2(b),” we must follow the rule that “[a]ny
other error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded.”  Mosley, 983 S.W.2d at 259; see Tex. R. App. P. 44.2(b); George v. State, 117 S.W.3d 285, 289
(Tex. App.—Texarkana 2003, pet. ref’d). 
In making this determination, we weigh the severity of the misconduct
(the magnitude of the prejudicial effect of the prosecutor’s remarks), any measures
adopted to cure the misconduct, and the certainty of conviction absent the
misconduct (the strength of the evidence supporting the conviction).  Mosley,
983 S.W.2d at 259–60; Hawkins v. State,
135 S.W.3d 72, 75–76 (Tex. Crim. App. 2004).

            In Mosley, the prosecutor’s jury argument
contained a rather specific claim that defense counsel was attempting to divert
the jury from the truth:

There
is only one route to the truth.  It is by
traveling on the main road.  That will
take you to your proper destination.  But
you must stay on the main road.  The
defense has attempted to get you off the main road, to divert you.  They don’t want you to stay on the main road
because they know where that will take you. . . .  They want you to take a side road, a series
of side roads, rabbit trails, and a rabbit trail that will lead you to a
dead-end.  The truth is not there.

 

Mosley, 983 S.W.2d at 258.  Mosley referred to federal caselaw[6]
in deciding these comments were “mildly inappropriate,” did not directly accuse
the defense attorneys of lying, did not suggest that any evidence was
manufactured, and did not inject new facts into evidence.  Id. at
260.  The appellate court stated, “At
most, the comments indicate that the defense may be attempting to distort the
jury’s view of the evidence through clever argument.”  Id.  While it did “not condone the prosecutor’s
actions,” the court found the severity of the misconduct small.  Id.

            Here, while we condemn Putman’s accusation and there
were no measures taken to ameliorate it, the evidence of Wreyford’s
intoxication, the main contested fact issue, is pretty strong.  We conclude that the conduct had no or little
effect.  See id. at 259–60.  We hold that there is no reversible error
here.

            We affirm the trial court’s
judgment.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
9, 2011         

Date Decided:             February
16, 2011

 

Do Not Publish

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]Wreyford
also argues the evidence was factually insufficient to support her conviction.  Recently, a plurality of the Texas Court of
Criminal Appeals abolished the factual sufficiency review established by Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its
progeny.  Brooks v. State, 323
S.W.3d 893, 912 (Tex. Crim. App. 2010). 
The Jackson v. Virginia legal-sufficiency standard is the only
standard that a reviewing court applies in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.  Id.  Therefore,
we will not address the challenge to the factual sufficiency of the evidence.





[3]Although these unpublished cases have no precedential
value, we may take guidance from them “as an aid in developing reasoning that
may be employed.”  Carrillo v. State, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003,
pet. ref’d).





[4]Even
if Wreyford had objected to the comment that Platten lied to the jury, she
failed to preserve error by failing to request a mistrial.  Cook v.
State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (to preserve jury
argument error for appellate review, defendant must (1) object, (2) request an instruction
to disregard, and (3) move for mistrial).





[5]Our
previous comments, in condemnation of Putman’s “liar” accusation, apply here as
well.





[6]Mosley cited to the following cases in
support of its holding:  United States v. Millar, 79 F.3d 338,
343–44 (2nd Cir. 1996)
(comments that defense of case was “hog wash,” that defense counsel had created
“smoke screen,” and trying to “confuse” jury and “lead them astray” “clearly
did not rise to the level of severity to require reversal”);  United
States v. Palmer, 37 F.3d 1080, 1086 (5th Cir. 1994) (comment that defense
attorney wanted to “confuse” jury and “throw up a smoke screen” did not require
reversal); United States v.
Ortiz-Arrigoitia, 996 F.2d 436, 440 (1st Cir. 1993) (prosecutor’s
statements to jury that defense attorneys “want like to scramble your heads,
confuse you” and “wanted to confuse your head” not so prejudicial to require
reversal).