## JAMES HORACE SUMMERS V. THE STATE.

No. 22886. Delivered June 7, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*Maury Hughes,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to commit rape. The punishment assessed is confinement in the state penitentiary for a period of fifteen years.

The only controverted issue in the case is whether the appellant's mind was so deranged from disease or the recent use of ardent spirits, or both, that he did not know the particular acts which he was doing was wrong; in other words, whether or not he had sufficient mental capacity to understand and distinguish between the right and the wrong. These issues were properly submitted to the jury by the court in an appropriate instruction and no complaint is made thereof by the appellant.

He brings forward several complaints relative to the remarks made by the Assistant District Attorney in his argument to the jury. We do not deem it necessary to set out the argument in full. Suffice it to say that Bill of Exception No. 3 discloses that the prosecuting attorney therein discussed the probability that the prosecutrix would some day become a mother, and after having undergone the experience related by her, stated that instead of having lovely children, she would "give birth to idiots and deformed imbeciles." This argument was not a proper deduction from any evidence in the case and should not have been made.

Bill of Exception No. 2 complains of the following argument:

"Gentlemen, I tell you that my admiration for Mr. Hughes' imagination grows from day to day and from year to year. I'll never forget one outstanding victory won by him. He repre-

sented a dirty bootlegger for beating and stomping Atticus Webb, the prohibition leader. He stomped him half to death. Whether imaginative or not, the record will show about that; but to say the least, how Maury, in an attempted rape case could have the temerity to stand before a jury and deliver a lecture on prohibition that would do credit to William Jennings Bryan, I don't know. But he did represent the man that stomped Atticus Webb's head in the ground."

This argument was objected to on the ground that it was not a proper deduction from any evidence; that it was an unsworn statement by the Assistant District Attorney, and was inflammatory and highly prejudicial to the rights of the appellant. We fail to understand just why a prosecuting attorney would depart from the well-established rules requiring that arguments be based upon evidence legally introduced in the case. This was an unsworn statement by the Assistant District Attorney, and so far as the record discloses, the jury had never heard of it until it was brought to their attention by the argument complained of. Just what the purpose of the Assistant District Attorney was other than to inflame the minds of the jury and prejudice them against the appellant, we are unable to understand. By this argument the prosecuting attorney was striking at the appellant over the shoulders of his counsel in an endeavor to inflame the minds of the jury to his prejudice. The accused is entitled to a fair trial without reference to outside influence.

In the case of Davis v. State, 55 S. W. 340, Judge Davidson, in passing on a question similar to the one under consideration, said:

"It would seem to be an easy matter, even in an exciting criminal trial, for attorneys to keep within the record, and discuss the issues suggested by the evidence."

It must be borne in mind that in cases of this nature, the human mind is very susceptible to inflammatory remarks, and prosecuting attorneys should carefully guard against prejudicing the rights of a person charged with an offense of this character.

We have reached the conclusion that the remarks of the Assistant District Attorney, as complained of in Bill of Exceptions No. 2, are so prejudicial and so inflammatory that we are unwilling to permit the judgment of conviction to stand.

Bill of Exception No. 4 complains of certain testimony given by one of the officers who went to the appellant's home at 3:00 a. m., on the night in question to interview him as to where he had been and what he did; that they then took him to the City Hall and placed him in jail. Appellant objected to the testimony of the officer as to what he told them at the time, on the ground that he was under arrest and that his statement made was not reduced to writing and signed by him. Although the officer denied that they had him under arrest or restraint, the fact remains that they went to his home in the silent hours of the night soon after the alleged offense was committed; that they remained at his home and in his presence until they took him to jail.

In 18 Tex. Jur. p. 167, sec. 88, the rule is thus stated:

"Whether or not the accused was 'under arrest' or 'in custody' within the meaning of this statutory prohibition depends on whether he reasonably considered himself as being under restraint. If by the acts and conduct of an officer having the accused in charge the latter was led to believe he was under arrest, or was in his own mind conscious of being under arrest, then the confessions come within the operation of the statute. It is not essential for the arrest to have been made in formal words; it may clearly appear from the surrounding facts."

In the instant case, we think the facts are sufficient to have created the impression on the mind of the appellant that he was under arrest. Hence the evidence should have been excluded. In support of what we have said, we refer to the following cases: Lightfoot v. State, 117 Tex. Cr. R. 515; Sanders v. State, 145 S. W. (2d) 184; Rashfelt v. State, 104 Tex. Cr. R. 3; Owens v. State, 134 Tex. Cr. R. 384; Casanova v. State, 87 Tex. Cr. R. 63.

Bill of Exception No. 5 does not sufficiently set out the surrounding facts and circumstances to disclose any error. If the appellant's wife knew from her long association with him that his mind was affected, she should have stated facts upon which she based her conclusion as to his mental condition.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for a rehearing herein, and insists that the remarks of the assistant district attorney, if error, come within the rule laid down in Vineyard v. State, 96 Texas Cr. R. 401, 257 S. W. 548, wherein we restated a rule theretofore laid down in various cases, as follows; p. 404, idem:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case," citing cases.

We are unable to see how the conduct of appellant's attorney in defending some other person in another and different assault upon some person other than those concerned in the present case could have possibly affected the guilt or innocence of this appellant. Such an allusion surely injected some harmful, new and independent fact into this case with no connection therewith being shown.

We adhere to the views expressed in our original opinion, and the State's motion is therefore overruled.