Reginald James **BRAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44641.

Court of Criminal Appeals of Texas.

March 29, 1972.

Mike Morrow, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment was assessed at 20 years.

The sufficiency of the evidence is not challenged, but we are confronted with appellant's complaint that the remarks of the prosecuting attorney in his jury argument at the guilt stage of the trial constituted a personal attack on the "integrity and competence of appellant's attorney." He urges that said remarks could only act "to the irreparable injury and prejudice of the appellant."

The prosecutor's argument complained of was as follows:

"Our client doesn't sit here at the counsel table with us and our client is not here to confer with us, we represent you folks. We represent the people here in this County. That's who are [sic] employer is and suffice it to say Ladies and Gentlemen I am grateful and I shall be eternally grateful that you are the people that are my employers and not the likes of him and that I am not representing this sort of thing. Rest assured I am very happy about that. I am grateful that I don't have to make my living that way.

MR. MORROW: "We object to that Your Honor. He represents . . . .

MR. SCHEVILLE: "He opened the door Your Honor. I believe I'm entitled to answer his argument.

THE COURT: "The jury heard it.

MR. SCHEVILLE: "I will reiterate I'm very grateful I don't have to make my living representing a man who first set up the robbery, . . . ."

Appellant's counsel was court appointed. As an officer of the court, he accepted the appointment and undertook the defense of this indigent appellant. Such undertaking was in the finest tradition of the Texas and American Bars. Following the impact of statutory enactments and the decision of Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, trial courts have called upon many members of the bar to represent indigent defendants—lawyers who would not have otherwise been involved in the trial of a criminal case.

Vernon's Ann.Civ.St., vol. 1A, art. XIII, § 3, Canons 4 & 5 [Canons of Ethics, State Bar Rules] pp. 233–234, in effect at the time of the trial, reads as follows:

"4. *When Counsel for an Indigent Prisoner.* A member assigned as counsel for an indigent prisoner should not ask to be excused for any trivial reason, and should always exert his best efforts in the prisoner's behalf.

"5. *Defense or Prosecution of Those Accused of Crime.* It is the right of a member to undertake the defense of a person accused of crime, regardless of his personal opinion as to the guilt of the accused. Having undertaken such defense, a member is bound by all fair and honorable means to present every defense that the law of the land permits, to the end that no person may be deprived of life or liberty but by due process of law.

"It should be the primary duty of a member engaged in public prosecution not to convict, but to see that justice is done. He should not suppress facts or secrete witnesses capable of establishing the innocence of the accused."

It is widely recognized that these canons of ethics are not generally understood by the public from which the members of the jury panel are drawn. Many do not believe an attorney should undertake the defense of a person charged with a crime particularly if there is some indication that the defendant is guilty.

An examination of the record reflects that the highly improper argument was not invited by appellant's counsel. He objected and attempted to state the reasons for his objection when he was interrupted by the prosecutor stating erroneously the argument was invited. The only ruling from the court was, "The jury heard it.", and the prosecutor immediately reiterated the same improper argument.

"By this argument the prosecuting attorney was striking at the appellant over the shoulders of his counsel in an endeavor to inflame the minds of the jury to his prejudice. The accused is entitled to a fair trial without reference to outside influence." Summers v. State, 147 Tex.Cr.R. 519, 182 S.W.2d 720 (Tex.Cr. App. 1944).

■ Under the circumstances of this particular case the error was sufficiently preserved for review and the same calls for reversal.

■ If it can be argued that the error was not properly preserved, we conclude that an instruction to disregard would not have sufficed to have removed the prejudice.

■ Trial courts should assume the responsibility of preventing this type of argument. A rebuke by the trial court in the presence of the jury may do more to end the practice of intemperate and improper argument than repeated admonitions or even reversals by this court.

This holding should not be construed as making a distinction between appointed or retained counsel.

■ We need not consider the further complaint that the court orally communi-

cated with the jury in the absence of the appellant and without the presence of the court reporter in violation of Article 36.27, Vernon's Ann.C.C.P. Nevertheless, this court has repeatedly admonished trial judges that communications with the jury should be in writing and in accord with Article 36.27, supra. See Smith v. State, 474 S.W.2d 486 (Tex.Cr.App. 1972).

The judgment is reversed and the cause remanded.