Thomas Lynn EDMISTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49584.

Court of Criminal Appeals of Texas.

March 26, 1975.

John K. Coil, Farmers Branch, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DALLY, Commissioner.

The appeal is from a conviction for the distribution of an obscene magazine; the punishment assessed· was confinement in the county jail for six months and a fine of $1,000.

On original submission the record in this case did not contain a transcription of the court reporter's notes, and the conviction was affirmed by Per Curiam opinion. Now it has been shown that the transcription of the court reporter's notes was filed and approved by the trial court, and it was inadvertently omitted when the record was sent to this court. The prior opinion is withdrawn; the motion for leave to file appellant's motion for rehearing is granted, and the appeal will be considered.

Several grounds of error are urged but there is no contention made, and none could be made, that the magazine distributed is not obscene. In the ground of error requiring the most serious consideration the appellant complains that he was prejudiced when the prosecutor struck at him over the shoulder of his attorney by eliciting testimony that the attorney representing him in this trial had a financial interest in the theatre where the undercover agent purchased the obscene magazine. The appellant relies upon Bray v. State, 478 S.W.2d 89 (Tex.Cr.App.1972). Bray v. State, supra, was reversed because the prosecutor in jury argument stated:

". . . and suffice it to say Ladies and Gentlemen I am grateful and I shall be eternally grateful that you are the people that are my employers and not the likes of him and that I am not repre-senting this sort of thing. Rest assured I am very happy about that. I am grateful that I don't have to make my living that way."

In *Bray* the court quoted from prior authority and said:

" 'By this argument the prosecuting attorney was striking at the appellant over the shoulders of his counsel in an endeavor to inflame the minds of the jury to his prejudice. The accused is entitled to a fair trial without reference to outside influence.' Summers v. State, 147 Tex.Cr.R. 519, 182 S.W.2d 720 (Tex.Cr. App.1944).

"Under the circumstances of this particular case the error was sufficiently preserved for review and the same calls for reversal.

"If it can be argued that the error was not properly preserved, we conclude that an instruction to disregard would not have sufficed to have removed the prejudice.

\* \* \* \* \* \*

"This holding should not be construed as making a distinction between appointed or retained counsel."

In the case before us the appellant's objection was sustained, and the court instructed the jury to disregard the question and answer which elicited evidence that the lawyer retained by the appellant had a financial interest in the theatre where the obscene magazine was sold. The court overruled a motion for mistrial. An instruction to disregard will cure error except in extreme cases where it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. Christ v. State, 480 S.W.2d 394 (Tex.Cr.App.1972); Ortiz v. State, 490 S.W.2d 594 (Tex.Cr.App.1973); Stokes v. State, 506 S.W.2d 860 (Tex.Cr.App.1974).

■ Here the prosecutor deliberately asked a question which was not material to the issues in the case being tried. The testimony if true showed the appellant's attorney may have been guilty of the same criminal offense for which his client was being tried. This evidence appears to be more harmful to the appellant here than the argument made by the prosecutor was to the defendant in Bray v. State, supra. The court's instruction was not sufficient to remove the harmful effect of the testimony deliberately elicited by the prosecutor. The appellant was deprived of a fair trial. Bray v. State, supra.

We also note that the police officer testified that he had seen patrons of another "X" rated movie theatre masturbating in the theatre. In this instance the court responded promptly to an objection and instructed the jury not to consider this testimony. We need not decide whether this constituted reversible error since we find the other matter complained of was sufficient to require reversal.

The appellant's motion for rehearing is granted, and the judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (concurring).

The State concedes in their brief that the conduct of the prosecutor cannot be condoned, but argues that the trial court's instruction cured the error. I do not agree. In order that there might be no doubt about what occurred, the colloquy in question, between the prosecutor and a police officer, is set forth below:

"Q All right, [appellant's trial attorney's name] has also asked you about some of these theaters; in your line of work, did you have occasion to try to get information as to who is the actual—who are the actual owners of these theaters?

A Yes, we have found several owners of different theaters.

Q And had to file cases on both owners and employees of these movie houses and theaters?

A Yes, I can think of one time we have.

Q And have you come across any information which led you to believe that [appellant's trial attorney's name] has a financial interest?

A Yes, sir."

The objection then followed. This clearly reflects reversible error.

I concur in the reversal of this conviction.