TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00601-CR







Ebaristo Sanchez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0974815, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 After the jury found appellant guilty of the offense of murder, (1) the trial court
assessed punishment at confinement for fifty years. Appellant challenges the prosecutor's
statements made during the State's closing arguments, asserting that he: (1) directly referred to
the trial court's beliefs about the case, and (2) struck at appellant over the shoulder of his counsel. 
We will affirm.

 Viewing the evidence in the light most favorable to the jury's verdict, it was shown
that appellant ran over the victim with a car, dragged the victim along the pavement, and then
backed up and ran over him again.

 Appellant directs our attention to the prosecutor's argument concerning why the
judge did not include anything in the charge about motive, self defense and insanity. Appellant
suggests that these arguments were made in such a way as to indicate the judge's personal beliefs. 
Appellant did not object to any of these arguments. Historically, courts have allowed appellants
to complain for the first time on appeal where an instruction to disregard could not have cured the
erroneous jury argument. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)
(reviewing how law has evolved with respect to unobjected to arguments). "However, these
holdings have been undermined by the enactment of Texas Rule of Appellate Procedure 52(a) and
the [Court of Criminal Appeal's] more recent decision in Marin v. State, 851 S.W.2d 275 (Tex.
Cr. App. 1993)." Id. Consequently, 


 Before a defendant will be permitted to complain on appeal about an erroneous jury
argument or that an instruction to disregard could not have cured an erroneous jury
argument, he will have to show he objected and pursued his objection to an adverse
ruling.



Id.

 Appellant contends that the thrust of the prosecutor's ensuing argument constituted
a statement that the judge did not believe there was any evidence to support jury instructions
regarding the voluntariness of the confession. The following portion of the prosecutor's argument
forms the basis of appellant's complaint:


[Prosecutor]: Let's turn now to paragraph seven, in which the issue is
submitted to you about whether Mr. Sanchez was induced by
persuasion to make the oral or written confession when
Sergeant Pedraza told the defendant that the defendant was
going to have to trust and going to have to have faith in
Sergeant Pedraza, and that Sergeant Pedraza was there to help
him.


 Now this -- again, this instruction is here because Judge
Lynch really is a scholar of the law, and he knows that even
if there is the tiniest --

[Defense Counsel]: Objection, Your Honor. It's an improper argument, referring
to the Court's reasoning and the purpose of the law. Counsel
can discuss the law, but not argue that it has a limited
application in this case.


THE COURT: All right. Restate your argument, [prosecutor].


[Prosecutor]: No matter where this evidence comes from, no matter how
incredible a source, that kind of charge, that instruction has to
go in there, or there will be a risk of an appeal --


[Defense Counsel]: Objection, Your Honor; counsel referring to appeal, implying
that perhaps the judgment of this jury wouldn't be a final
judgment, therefore lessening the seriousness of the
deliberations.


THE COURT: All right. Sustained as to the last comment.


[Defense Counsel]: I would ask the jury be instructed to disregard that argument,
Judge.


THE COURT: The jury will disregard the last comment of the prosecutor and
not consider it for any purpose.


[Defense Counsel]: And I ask for a mistrial.


THE COURT: Denied.



 Appellant complains that the trial court failed to sustain his objection relative to the
trial court's belief. The trial court's statement did not constitute an adverse ruling. Consequently,
nothing was preserved for review. See Cockrell, 933 S.W.2d at 89. After the prosecutor restated
his argument, the trial court sustained appellant's objection and directed the jury to disregard. 
Harm caused by an improper argument can generally be cured by an "instruction to disregard,
unless the remark is so inflammatory that its prejudicial effect cannot be effectively removed." 
Caldwell v. State, 818 S.W.2d 790, 801 (Tex. Crim. App. 1991). The complained of argument
was not so objectionable that it could not be cured by the trial court's instruction. Appellant's first
point of error is overruled. 

 In his second point of error, appellant asserts that he was denied a fair trial when
the prosecutor struck at appellant over the shoulder of counsel. Appellant first challenges the
following arguments made by the prosecutor:


 I hope it is as obvious to you as it is to me that what is happening here is
that Mr. Sanchez, who has committed a senseless, violent, vicious act, is simply
trying to weasel out of the truth, now that he is having to face the consequences.
I hope it is as obvious to you all as it is to me that this is simply an old criminal
defense tactic in which they find someone else to put on trial--



 Appellant's objection that the prosecutor was striking at appellant over the shoulder 
of counsel was sustained, and the jury was instructed to disregard. Motion for mistrial was
overruled. Unlike Anderson v. State, 525 S.W.2d 20 (Tex. Crim. App. 1975), cited by appellant,
the prosecutor was not accusing defense counsel of not arguing the facts. See Anderson, 525
S.W.2d at 22. Nor does it rise to the level of improper argument in Bray v. State, 478 S.W.2d
89 (Tex. Crim. App. 1972), where the prosecutor, clearly alluding to defense counsel, argued,
"I am grateful that I don't have to make my living that way." Bray, 478 S.W.2d at 89. In a
recent Court of Criminal Appeals decision the prosecutor argued that the defense wanted to direct
the jury from the main road of truth. See Mosley v. State, 983 S.W.2d 249, 258 (Tex. Crim. App.
1998). Unlike the instant cause, the trial court in Mosley overruled defense counsel's objection. 
The Mosley court stated that the comments were "milder" than in the cases where the defense
counsel is accused of manufacturing evidence or trying to contrast the ethical obligations of
prosecutors and defense counsel. Id. Accordingly, we hold that the trial court's instruction to
disregard in the instant case cured any error in the prosecutor's argument.

 Appellant also complains of the following argument by the prosecutor:


 There is a famous criminal defense lawyer named Percy Foreman who
wrote a book for criminal defense lawyers. He said they should never allow their
client to be put on trial; they should find someone else to put on trial -- put the
police on trial; put the victim on trial. And if the case has societal implications,
they should put the community at large on trial.



No objection was made to the foregoing argument. Thus, nothing is before us for review. 
Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: August 26, 1999

Do Not Publish





* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 19.02 (West 1994).



tained appellant's objection and directed the jury to disregard. 
Harm caused by an improper argument can generally be cured by an "instruction to disregard,
unless the remark is so inflammatory that its prejudicial effect cannot be effectively removed." 
Caldwell v. State, 818 S.W.2d 790, 801 (Tex. Crim. App. 1991). The complained of argument
was not so objectionable that it could not be cured by the trial court's instruction. Appellant's first
point of error is overruled. 

 In his second point of error, appellant asserts that he was denied a fair trial when
the prosecutor struck at appellant over the shoulder of counsel. Appellant first challenges the
following arguments made by the prosecutor:


 I hope it is as obvious to you as it is to me that what is happening here is
that Mr. Sanchez, who has committed a senseless, violent, vicious act, is simply
trying to weasel out of the truth, now that he is having to face the consequences.
I hope it is as obvious to you all as it is to me that this is simply an old criminal
defense tactic in which they find someone else to put on trial--



 Appellant's objection that the prosecutor was striking at appellant over the shoulder 
of counsel was sustained, and the jury was instructed to disregard. Motion for mistrial was
overruled. Unlike Anderson v. State, 525 S.W.2d 20 (Tex. Crim. App. 1975), cited by appellant,
the prosecutor was not accusing defense counsel of not arguing the facts. See Anderson, 525
S.W.2d at 22. Nor does it rise to the level of improper argument in Bray v. State, 478 S.W.2d
89 (Tex. Crim. App. 1972), where the prosecutor, clearly alluding to defense counsel, argued,
"I am grateful that I don't have to make my living that way." Bray, 478 S.W.2d at 89. In a
recent Court of Criminal Appeals decision the prosecutor argued that the defense wanted to direct
the jury from the main road of truth. See Mosley v. State, 983 S.W.2d 249, 258 (Tex. Crim. App.
1998). Unlike the instant cause, the trial court in Mosley overruled defense counsel's objection. 
The Mosley court stated that the comments were "milder" than in the cases where the defense
counsel is accused of manufacturing evidence or trying to contrast the ethical obligations of
prosecutors and defense counsel. Id. Accordingly, we hold that the trial court's instruction to
disregard in the instant case cured any error in the prosecutor's argument.

 Appellant also complains of the following argument by the prosecutor:


 There is a famous criminal defense lawyer na