# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00015-CR

**Charles Richard Willits, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0994567, HONORABLE JON N. WISSER, JUDGE PRESIDING

A jury found appellant Charles Richard Willits, Jr., guilty of one count of indecency with a child by exposure, two counts of indecency with a child by contact, and six counts of sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.11(a), 22.011(a)(2) (West Supp. 2000). The district court assessed punishment at imprisonment for ten years for the first count, and at imprisonment for fifteen years for the remaining counts. We affirm the judgments of conviction.

Appellant was the youth pastor at a large Austin church. The complainant began attending youth services and participating in other youth activities at the church in 1994. Appellant befriended the boy, who had recently moved to Austin with his mother and sister following the divorce of his parents. Their relationship became sexual during the summer of 1995, when the complainant was fourteen. Appellant took the complainant on an overnight trip to Arlington for a baseball game. Appellant "cuddled" with the complainant in their motel room,

lying on top of the boy and hugging him for about ten minutes while both were fully clothed. Appellant began to purchase gifts for the complainant, and took him to movies and dinner on a regular basis. The complainant said that appellant's attention made him feel "privileged" and "special." The complainant often spent the night at appellant's house. After appellant's wife went to sleep, he and the boy would "cuddle" in the spare bedroom, now without their clothing. Appellant and the complainant fondled and masturbated each other, and on a few occasions engaged in oral sex. Once, appellant placed his penis in the complainant's anus. The complainant estimated that he and appellant engaged in sexual activities at least twenty times.

Appellant ended the sexual relationship with the complainant in January 1996. Appellant told the complainant that he, the complainant, was "not in a good relationship with God" and they could no longer be close. Appellant also told the complainant that church members "wouldn't believe in God any more" if the complainant told them about appellant's conduct. Needless to say, the complainant's experiences with appellant left him confused, agitated, and depressed. In April 1998, he told his mother and several friends what had happened.

Appellant contends the district court should have granted a mistrial when the complainant referred to extraneous misconduct during his testimony. The complainant was asked by the prosecutor why he was "here today talking about this embarrassing subject." He answered, "I'm here today because . . . who knows what other people he could have done this to. And I know that I'm probably not the only one. I mean, I don't know, but it just seems to me that it could easily have happened to somebody else." Appellant objected to the complainant

"speculating" and testifying about alleged extraneous conduct. The objection was sustained and the jury was instructed to disregard, but appellant's motion for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the trial would be futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). An instruction will be insufficient only if the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest the impossibility of removing the harmful impression from the jurors' minds. *Id*. The denial of a mistrial motion is reviewed for an abuse of discretion. *Ladd*, 3 S.W.3d at 567.

The complainant did not state as a fact that appellant had engaged in similar conduct with other persons, but merely indicated his suspicion that appellant might have done so. The remark, if improper, was not so inflammatory or unfairly prejudicial as to be incurable by the court's instruction to disregard. The court did not abuse its discretion by overruling the motion for mistrial. Issue one is overruled.

Appellant also moved for a mistrial during the testimony of Kathlene Mann, one of the first persons to whom the complainant described his activities with appellant. Mann was asked if she noticed any "distressing behavior" on the complainant's part after his outcry. She answered, "A great deal. I mean, he was he was very upset at the thought that that this had to become public knowledge." Appellant objected on the ground of hearsay. Once again, the

3

objection was sustained and the jury was instructed to disregard, but appellant's motion for mistrial was overruled.

A statement of the declarant's then existing state of mind or emotion is admissible as an exception to the hearsay rule. Tex. R. Evid. 803(3). Moreover, both the complainant and other witnesses testified to the anguish felt by the complainant, his depression, and his erratic behavior both before and after the sexual abuse became public. Reversible error is not presented. Issue two is overruled.

Appellant brings forward two issues regarding the testimony of Kenneth Lanning, a Supervisory Special Agent with the Federal Bureau of Investigation. For the past twenty years, Lanning has been assigned to the National Center for the Analysis of Violent Crime, where he specializes in the study of sexual victimization of children. Lanning testified that his studies and experience have led him to classify persons who sexually victimize children into two broad categories: (1) situational offenders, who victimize children because they are weak or available; and (2) preferential offenders, who have a true sexual preference for children. Among preferential offenders, the most common behavioral pattern is the seduction type. According to Lanning, a seduction type preferential offender seduces, or grooms, his child victim in the same manner a man might seduce a woman. After finding a child to whom he is attracted, the offender will shower the child with attention and affection, while gradually seeking to lower the child's inhibitions and manipulating the child into sexual activity. Lanning believes that boys between the ages of ten and sixteen are the most susceptible to such seduction.

Lanning testified that seduction type offenders usually have very good interpersonal skills, particularly with children, and often choose a hobby or occupation that will put them in contact with children who fit their age and gender preference. Such offenders tend to be of above average intelligence and from higher socioeconomic backgrounds. It is not uncommon for them to be married. Their sexual preference for children reveals little about their personality, and they rarely fit the stereotype our society has of child sexual abusers.

Appellant first contends that Lanning's testimony was inadmissible under Texas Rules of Evidence 702. Rule 702 provides for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."[1] The proponent of scientific or technical evidence under rule 702 has the burden of demonstrating by clear and convincing evidence that the evidence is both reliable and relevant. *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Appellant does not question Lanning's expertise and concedes that Lanning's testimony was reliable. Appellant urges that Lanning's testimony was not relevant. In differentiating relevance from reliability, the Texas Court of Criminal Appeals stated:

> Relevance is by nature a looser notion than reliability. Whether evidence "will assist the trier of fact" and is sufficiently tied to the facts of the case is a simpler, more straight-forward matter to establish than whether the evidence is sufficiently grounded in science to be reliable. This is not to say that the relevancy inquiry will always be satisfied. . . . The expert must make an effort to tie pertinent facts of the case to the scientific principles which are the subject of his testimony. Establishing this connection is not so much a matter of proof, however, as a matter of application.

---

[1] Appellant also cites rule 402, which generally provides for the admission of all relevant evidence and the exclusion of irrelevant evidence. Tex. R. Evid. 402.

*Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).

Appellant argues that Lanning's testimony was not adequately tied to the facts of this case. Lanning did not read the offense report or witness statements, did not hear any of the testimony, and was not asked any hypothetical questions based on the facts of this case. His testimony was based solely on his study and experience over the course of his career. Lanning expressed the hope that his testimony would give the jurors "some insight and understanding about certain kinds of offenders" that would help them assess and evaluate the evidence before them. Appellant points out, however, that the prosecutor had questioned the jurors during voir dire regarding the characteristics and methods of sex offenders. Appellant argues that the jurors were shown to have a good understanding of child sexual abuse and did not need further information of the sort provided by Lanning.

The issue in *Jordan* was the admissibility of a defense expert's testimony regarding the reliability of eyewitness testimony. As appellant does here, the State argued against the admission of the proffered testimony on the ground that the subject matter was within the common knowledge of the jurors. *See id.* at 556. The court of criminal appeals answered that argument as follows:

> While jurors might have their own notions about the reliability of eyewitness identification, that does not mean they would not be aided by the studies and findings of trained psychologists on the issue. If the scientific basis of [the expert's] testimony is sound (an issue not now before us and one we do not now decide), it could have aided the jury by either validating or calling into question their own inclinations. If a juror's "gut" or common sense beliefs about certain factors were to be called into question by [the expert's] testimony on the issue, the juror would be prompted to reconsider preconceived notions that he might otherwise have been unaware of when reviewing the facts of the case. On the

6

> other hand, if a juror's preconceived notions were confirmed by [the expert's] testimony on the issue, the juror could proceed with greater confidence on that issue.

*Id*. In the same way, Lanning's testimony validated, challenged, or supplemented any preconceptions the jurors in this cause might have had regarding child sexual abuse and child sexual abusers. We also note, although this argument is not specifically raised by appellant, that Lanning's testimony sufficiently "fit" the facts of this case. *See id*. The district court did not abuse its discretion by overruling appellant's objection to the relevance of Lanning's testimony.

Alternatively, appellant urges that Lanning's testimony should not have been admitted because its relevance was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. Appellant argues that the testimony added little to what the jury already knew about child sexual abuse, and therefore was not needed by the State. We have already explained, however, that Lanning possessed an expertise concerning the behavior of sexual victimizers of children that could have assisted the jury in understanding and evaluating the evidence. *See Nenno v. State*, 970 S.W.2d 549, 562 (Tex. Crim. App. 1998). Appellant asserts that Lanning's testimony raised the possibility that the jury would vote to convict because appellant "fits the description of a sex offender." Lanning repeatedly testified that there was no single "profile" by which to identify those who sexually victimize children. We are not persuaded that Lanning's testimony had an undue tendency to suggest decision on an improper basis. *See Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). No abuse of discretion is shown. Issue three is overruled.

In issue four, appellant contends the district court erred by refusing to give this limiting instruction regarding Lanning's testimony:

> You have heard evidence in this cause from Special Agent Kenneth Lanning of the FBI. You are instructed that his testimony was not intended and may not be used by you to determine whether [the complainant's] claims are true. You are further instructed that Agent Lanning's testimony was not intended and may not be used by you as any evidence of the character of the Defendant in this cause.

Appellant relies on Texas Rule of Evidence 105(a), which provides that when evidence is introduced for a limited purpose only the court should instruct the jury to restrict its consideration of the evidence to its proper scope.

We understand appellant to argue that Lanning's testimony was evidence of "other crimes, wrongs or acts" that was not admissible to prove his character, although it may have been admissible for another purpose. *See* Tex. R. Evid. 404(b). This argument fails because Lanning did not testify to other acts committed by appellant, and there is no indication in the record that Lanning's testimony was offered for a limited purpose. Appellant cites no authority supporting the notion that a trial court should instruct the jury not to consider relevant evidence in determining the defendant's guilt. Under the circumstances shown, it would have been improper for the court to single out Lanning's testimony and comment on it in a special instruction. *See Caldwell v. State*, 818 S.W.2d 790, 799 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2000). Issue four is overruled.

Appellant's next issue concerns this portion of the State's opening jury argument at the guilt stage of trial:

And so a 13-year-old kid from a Kansas farm comes to the big city, and he gets all the answers [to his questions about religion] from this person right here. It comes right out of his mouth. The same person that will put his hands on his face and baptize him in the name of the Father and the Son and the Holy Ghost will use those same hands to touch him, the same mouth that he speaks to him with with Biblical [*sic*] to seduce him and touch him with his mouth. *I can't stand to be in the room with him myself.*

(Emphasis added.) Appellant objected to the prosecutor's personal remark. The prosecutor apologized and asked the court to instruct the jury to disregard. The court gave the instruction, then overruled appellant's motion for mistrial. The State concedes that the prosecutor's remark was improper.

An instruction to disregard improper jury argument is generally sufficient to cure the error. *See Martinez v. State*, 17 S.W.3d 677, 691 (Tex. Crim. App. 2000) (arguing facts not in record); *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) (attack on defense counsel); *Long v. State*, 823 S.W.2d 259, 269-70 (Tex. Crim. App. 1991) (comment on defendant's failure to testify). In the opinions on which appellant relies, defense objections to improper arguments were overruled and no instructions to disregard were given. *See Wilson v. State*, 938 S.W.2d 57, 58-59 (Tex. Crim. App. 1996); *Bray v. State*, 478 S.W.2d 89, 90 (Tex. Crim. App. 1972). We believe the district court's admonition was sufficient to cure the error and overrule issue five.

Appellant orally moved for a mistrial while the jury was deliberating his guilt. The basis for the motion was alleged jury misconduct. At a hearing on the motion, a person who had attended the trial testified that she overheard a conversation between jurors Sodaquist, Stovall, and Taylor during a break in which one of them said, "They're grasping or they're grabbing at straws

9

now and they don't have very many left." Defense counsel's legal assistant also testified at the hearing. She said she overheard juror Stovall tell jurors Sodaquist and Gutman during a break following the testimony of appellant's wife, "You know that bitch was suspicious." The motion for mistrial was overruled.

After appellant had been convicted and sentenced, he filed a written "motion for mistrial and arrest of judgment" again raising the alleged improper jury conversations. A hearing was held on the motion at which jurors Gutman, Sodaquist, and Stovall testified. Gutman did not recall having any conversation with Sodaquist and Stovall regarding any suspicions appellant's wife might have had, and believed it unlikely that the alleged statement was made. Sodaquist and Stovall testified that they did not remember any conversation during which the phrase "grasping at straws" was used. Neither was asked about the other alleged remark. The district court overruled the motion at the conclusion of the hearing. Appellant subsequently filed a motion for new trial citing the alleged jury misconduct and other grounds. This motion was overruled by operation of law.

In issue six, appellant contends the court erred by overruling the oral motion for mistrial. Appellant's brief does not present any argument or cite any authority in support of this contention. *See* Tex. R. App. P. 38.1(h) (appellant's brief must contain argument and authorities for contentions made). Issue six is overruled as inadequately briefed. *See Dunn v. State*, 951 S.W.2d 478, 480 (Tex. Crim. App. 1997).

Issue seven complains of the overruling of the written motion for mistrial and of the motion for new trial. Appellant had the burden of proving the alleged misconduct. *See*

10

*Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). Because there was conflicting testimony as to whether the alleged conversations occurred, there was no abuse of discretion in overruling the motions on that ground. *See id.*

Among the other grounds alleged in the motion for new trial was the contention that the court materially erred by admitting FBI Agent Lanning's testimony. Appellant reurges this contention on appeal, but merely refers us to the argument under issue three. Having overruled that issue, we need not discuss the matter further. Appellant also contended that he was denied effective assistance of counsel when he was arrested during trial for an offense committed in another county. While appellant repeats this contention on appeal, he offers no supporting argument and cites no authorities. *See Dunn*, 951 S.W.2d at 480. Issue seven is overruled.

The district court prepared separate judgments for each count. The judgments of conviction are affirmed.

_____

Jan P. Patterson

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: January 25, 2001

Do Not Publish

11