COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-139-CR

 

JERMAL R. SCOTT                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                     MEMORANDUM
OPINION[1] ON
REMAND

 

                                              ------------

I. Introduction








This case is before us on
remand from the court of criminal appeals to reconsider our holding on the
sufficiency of the evidence.[2]  Appellant Jermal R. Scott appeals from his
conviction by a jury for the offense of recklessly causing serious bodily
injury to a child.  See Tex. Penal Code Ann. ' 22.04(a)(1) (Vernon 2003).  In
three issues, appellant argues that (1) the trial court erred by failing to
direct a verdict because there is no evidence of the manner in which the child
was injured, thus, no evidence of appellant=s culpable mental state, (2) the evidence of appellant=s culpable mental state is factually insufficient, and (3) the trial
court erred by overruling appellant=s objection to the prosecutor=s improper argument suggesting that his interest in the case was the
public=s interest and thus superior to defense counsel=s interest.  We affirm.

II. Background Facts








On December 17, 2001, Fort
Worth Police Officer L.N. Carrell responded to a 911 call from 5316 Libbey in
Fort Worth.  Upon arriving, Officer
Carrell met appellant, Jermal R. Scott, who had made the 911 call.  Appellant told Officer Carrell that his seven-month-old
daughter K.S. was having a seizure. Appellant was the only person in the house
at the time of this incident.  K.S. was
taken to Cook Children=s
Hospital.  Derek Randle, appellant=s neighbor, drove appellant to the hospital.  Appellant told Derek that he went out to feed
the dogs and then came back in and saw the baby seizing.  Derek also remembers appellant=s mentioning something about getting a bottle for the baby.  Another neighbor, Richard Moore, who was on
his porch the day of this incident, testified that appellant told him that he
had been asleep, but when he woke up, the baby was not breathing and was having
a seizure.

After physicians examined
K.S. at the hospital and told Officer Carrell that her injuries were severe,
Officer Carrell called Crimes Against Children. 
Crimes Against Children brought with them Detective Zomper and a Child
Protective Services worker, Lindsey Dula. 
Ms. Dula testified that when she first saw K.S. in the emergency room,
she appeared to be having a seizure.  She
also testified that K.S. had a bruised and swollen right eye with a scratch
underneath and bruising on her upper right shoulder that appeared to be a Agrab mark.@  Ms. Dula interviewed both the mother and
appellant at the hospital.  During the
interview, appellant explained that while he attempted to feed the baby her
bottle, she started seizing.








K.S. was pronounced dead on
December 19, 2001, but was kept on life support in order to keep her organs
alive.  During an autopsy, the medical
examiner discovered retinal hemorrhages in both of K.S.=s eyes; he testified that such injuries usually occur in children of
K.S.=s age because of abusive head injuries.  He also looked inside K.S.=s head and discovered Atremendous@ amounts of
bleeding under her scalp.

The medical examiner ruled
that the cause of death was a closed head injury due to blunt force trauma and
that the manner of death was homicide. 
Additionally, he stated that after receiving this trauma to the head,
K.S. might have had symptoms including loss of consciousness, seizures,
respiratory changes, and coma.  These
symptoms would happen within a matter of Ashort minutes,@ which the
medical examiner estimated as maybe five to ten minutes.  The medical examiner also testified that this
is not a typical injury that would happen if a child fell or was dropped.  To produce this kind of trauma, the energy
would have to be created by a fall greater than ten feet or in a medium to
lower velocity car crash. 

The State charged appellant
with knowingly causing serious bodily injury to a child.   Appellant requested a jury charge on the
lesser included offenses of recklessly causing injury to a child or negligently
causing injury to a child.  The trial
court granted appellant=s
request.  A jury found appellant guilty
of the lesser included offense of recklessly causing serious bodily injury to a
child and assessed his punishment at eleven years= confinement.

 

 








III. Sufficiency of the
Evidence

In his first and second
issues, appellant challenges the legal and factual sufficiency of the evidence to
support the jury=s finding
that he acted recklessly.[3]

Standards of Review

In reviewing
the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a sufficiency review, the
jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves,
34 S.W.3d at 919.  Circumstantial
evidence of a defendant=s guilty
knowledge is not Arequired to
meet the same rigorous criteria for sufficiency as circumstantial proof of
other offensive elements.@  Id. (quoting Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal
sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

Applicable Law








Injury to a child is a result‑oriented
offense; thus, it is not enough for the State to prove that the defendant
engaged in the conduct with the requisite criminal intent.  Bowden v. State, 166 S.W.3d 466, 470
(Tex. App.CFort Worth
2005, pet. ref=d); Lee
v. State, 21 S.W.3d 532, 540 (Tex. App.CTyler 2000, pet. ref=d).  Instead, the State must
also prove that the defendant caused the result with the requisite criminal
intent.  Bowden, 166 S.W.3d at
470; Lee, 21 S.W.3d at 540.

A person acts recklessly when
he is aware of, but consciously disregards, a substantial and unjustifiable
risk that the result will occur.  Tex. Penal Code Ann. ' 6.03(c) (Vernon 2003); Montgomery v. State, 198 S.W.3d 67, 88
(Tex. App.CFort Worth
2006, pet. ref=d).  The risk must be of such a nature and degree
that its disregard constitutes a gross deviation from the standard of care that
an ordinary person would exercise under all the circumstances as viewed from
the actor's standpoint.  Tex. Penal Code Ann. ' 6.03(c); Montgomery, 198 S.W.3d at 88.  Reckless conduct involves conscious risk
creation; that is, the actor was aware of the risk surrounding his conduct or
the result of his conduct, but consciously disregarded that risk.  Bowden, 166 S.W.3d at 470; see
Lewis v. State, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975).








The culpable mental state is
generally proven through circumstantial evidence.  Bowden, 166 S.W.3d at 470; Morales
v. State, 828 S.W.2d 261, 263 (Tex. App.CAmarillo 1992), aff=d, 853 S.W.2d 583 (Tex. Crim. App. 1993); see
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978).  Ordinarily, the culpable mental state must be
inferred from the acts of the accused or the surrounding circumstances, which
includes not only acts but also words and conduct.  Ledesma v. State, 677 S.W.2d 529, 531
(Tex. Crim. App. 1984); Morales, 828 S.W.2d at 263.  It may also be inferred from the extent of
injury and the relative size and strength of the parties.  Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996); Kelley v.
State, 187 S.W.3d 761, 763 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).  The extent of a victim=s injuries is a reflection of the strength of a defendant=s attack, and therefore, involves the defendant=s conduct.  Kelley, 187
S.W.3d at 763.

Analysis








Appellant
contends that because there is no evidence showing exactly how K.S.=s fatal head injury was inflicted, there is insufficient evidence to
prove his culpable mental state.  But in
these types of injury to a child cases, there is rarely direct evidence of
exactly how the child=s injuries
occurred, which is why the culpable mental state may be inferred from
circumstantial evidence.  See Ledesma,
677 S.W.2d at 531; Kelley, 187 S.W.3d at 763; Morales, 828 S.W.2d
at 263.  Here, there is evidence in
addition to the nature of K.S.=s injuries from which the jury could have inferred a reckless mental
state.  For instance, there was evidence
that appellant had handled K.S. roughly the day she received the head injuryCi.e., her swollen eye and the bruises and marks on her bodyCas well as evidence that K.S.=s mother and others had had to Aget on@ appellant
in the past about his rough handling of K.S. 
Specifically, K.S.=s mother
testified that appellant would put K.S. up against the wall Atoo forcefully@ to try to
get her to sit up.  She also told the CPS
investigator that if appellant had hurt K.S., it was because he had played Atoo rough@ with
her.  See Bowden, 166 S.W.3d at
476-77; see also Carlson v. State, No. 01-04-00880-CR, 2005 WL 3315252,
at *5 (Tex. App.CHouston [1st
Dist.] Dec. 8, 2005, pet. ref=d) (mem. op.) (not designated for publication).  Additionally, appellant told people
conflicting stories about the afternoon K.S. was injured.  See Bowden, 166 S.W.3d at 476 (holding
that jury was entitled to consider inconsistent statements as proof of guilt in
prosecution for reckless injury to a child); Prieto v. State, 879 S.W.2d
295, 300 (Tex. App.CHouston
[14th Dist.] 1994, pet. ref=d).

After reviewing the record
and applying the appropriate standards of review, we conclude that the evidence
is legally and factually sufficient to support the jury=s finding that appellant recklessly caused serious bodily injury to a
child.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693; Watson, 204
S.W.3d at 414-15, 417.  We overrule
appellant=s first and
second issues.

IV. Jury Argument








In his third issue, appellant
contends that the trial court erred by overruling his objection to the
prosecutor=s argument
suggesting that his interest in the case was the public=s interest and thus superior to defense counsel=s interest.  During the
punishment stage of the trial, the prosecutor made the following argument:

[STATE]: 
May it please the Court, Counsel, members of the jury.  Listen to [Defense Counsel=s]
argument.  He is always very good.  He is an eloquent speaker.  I=m not such the eloquent
speaker but I have passion and truth and righteousness on my side.  

He said that I=m going to get up here and
yell and be angry and so forth, and yeah, I am angry about this, but I=m not
going to yell very much.  But my job -- I
am hired to be a public servant to represent the public=s
interest.  [Defense Counsel is] hired to
represent his interests.  I don=t
actually represent [K.S.] --

 

[DEFENSE COUNSEL]:  Your Honor, I am also an officer of the
court.  I think he is trying to make a
distinction that I=m
not, and by ethical rules of the Court and the Bar, we object to that.

  

THE COURT: 
Overruled.  

 

Improper Jury Argument 

To be permissible, the State=s jury argument must fall within one of the following four general
areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94-95
(Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).








In the present case, the
prosecutor argued to the jury that he and defense counsel were hired to
represent different interests.  This
argument does not fall within any of the four categories of permissible
prosecutorial jury argument. 
Nevertheless, the State contends that the prosecutor=s argument was proper because it is common knowledge that the
prosecutor represents society.  We disagree.  








The prosecutor did not merely
inform the jury that he represents society. 
Rather, he drew a distinction between the interests that the two
attorneys were hired to represent.  Drawing
this distinction could serve no purpose other than to imply that the prosecutor
is more credible than defense counsel or that his cause is more worthy.  See Lewis v. State, 529 S.W.2d 533,
534 (Tex. Crim. App. 1975).  In Lewis,
the prosecutor argued that he had taken an oath to seek justice while defense
counsel had not.  Id.  The court held that Athe effect of this argument was to instruct the jury that only the
prosecutors seek to uphold truth and justice, whereas defense counsel have a
license to use any means at their command to mislead the jury.@[4]  Id; see Wilson v.
State, 938 S.W.2d 57, 58-59 (Tex. Crim. App. 1996), abrogated on other
grounds, Motilla v. State, 78 S.W.3d 352, 356-57 (Tex. Crim. App.
2002); see also Bell v. State, 614 S.W.2d 122, 123 (Tex. Crim.
App. [Panel Op.] 1981) (holding that the prosecutor=s argument, which contrasted the ethical obligations of the two
attorneys, was improper).

Moreover, the court of
criminal appeals has recognized that, generally, the public does not understand
the code of ethics by which attorneys are bound.  See Bray v. State, 478 S.W.2d 89, 90
(Tex. Crim. App. 1972).  In Bray,
the prosecutor argued that he represented the public and that he was glad he
did not have to represent someone like the defendant.  Id. 
The court held that the argument was improper, noting that many in the
public believe an attorney should not represent a person charged with a crime,
particularly if there is some indication that the person is guilty.  Id. 
The prosecutor=s argument
in the present case is similar to the arguments in Lewis and Bray in
that the prosecutor was attempting to distinguish himself from the defense
attorney.  Further, because no evidence
was presented to show the interests that each attorney was hired to represent,
the argument injected new facts into the case. 
See Wilson, 938 S.W.2d at 60.  Thus, we hold that the prosecutor=s argument was improper. 








Harm  

If a jury
argument exceeds the bounds of proper argument, the trial court=s erroneous overruling of a defendant=s objection is not reversible error unless it affected the appellant=s substantial rights.  Tex. R. App. P. 44.2(b); Martinez v.
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  In determining whether the appellant=s substantial rights were affected, we consider (1) the severity of
the misconduct (i.e., the prejudicial effect of the prosecutor=s remarks), (2) curative measures, and (3) the certainty of the
punishment assessed absent the misconduct. 
Martinez, 17 S.W.3d at 692-93; Mosley, 983 S.W.2d at 259. 

Having determined that the
prosecutor=s argument
was improper, we must determine whether it affected appellant=s substantial rights.  We
conclude that the effect of the misconduct was relatively mild in the present
case.  See Martinez, 17
S.W.3d at 693.  The argument, while
improper, was not as flagrant as the conduct in Lewis and Bray.  The prosecutor did not tell the jury that he
was glad he did not represent appellant, nor did he argue that he and defense
counsel took different oaths.  Further,
even though appellant=s objection
was overruled, the prosecutor did not continue with the improper argument. 








Although the trial court
overruled appellant=s objection
and did not issue curative instructions to the jury, we cannot say that the
prosecutor=s argument
contributed to the severity of appellant=s sentence.  The jury convicted
appellant of recklessly causing serious bodily injury to a child, a
second-degree felony, which has a penalty range of two to twenty years= confinement.  See Tex. Penal Code Ann. '_
12.33, 22.04(e) (Vernon 2003).  The State
asked the jury to assess punishment at twenty years= confinement, the maximum punishment, but the jury assessed appellant=s punishment at eleven years= confinement.  Given the
mildness of the prosecutor=s comments and the seriousness of the offense for which appellant was
convicted, we conclude that the prosecutor=s improper argument was harmless. 
We overrule appellant=s third issue.  

V. Conclusion

Having
overruled appellant=s three
issues, we affirm the trial court=s judgment.

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
originally held that the evidence in this case is legally and factually
sufficient; however, we also additionally held, in reliance on State v. Lee,
818 S.W.2d 778, 781 (Tex. Crim. App. 1991), that appellant was estopped from
challenging the sufficiency of the evidence to support his conviction because
he requested the instruction on reckless bodily injury to a child.  Scott v. State, No.  02-04-00139-CR, 2005 WL 914558, at *1-2 (Tex.
App.CFort
Worth Apr.  21, 2005), rev=d, No.
PD-776-05, 2007 WL 1346380 (Tex. Crim. App. May 9, 2007).  The court of criminal appeals subsequently
held in McKinney v. State that estoppel under Lee applies only in
very narrow circumstances not applicable here. 
207 S.W.3d 366, 374 (Tex. Crim. App. 2006).





[3]In
his first issue, he contends that the trial court erred by failing to direct a
verdict in his favor; this argument is a challenge to the legal sufficiency of the
evidence.  See Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App.), cert. denied, 540 U.S. 1051
(2003); McCown v. State, 192 S.W.3d 158, 160 (Tex. App.CFort
Worth 2006, pet. ref=d).





[4]According
to rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct, a
lawyer shall not knowingly Amake a false statement of
material fact or law to a tribunal.@  Tex.
Disciplinary R. Prof=l Conduct 3.03(a)(1), reprinted in Tex. Gov=t Code Ann.,
tit. 2, subtit. G app.
A (Vernon 2005) (Tex. State Bar R. art.
X, _ 9).