**Opinion filed October 21, 2010**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00014-CR  & 11-09-00015-CR

_____

### RICKEY DALBERT, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-32,352 & C-32,353**

### M E M O R A N D U M   O P I N I O N

Rickey Dalbert pled guilty to aggravated kidnapping and aggravated robbery.  The jury assessed his punishment at confinement for life in both cases.  We affirm.

### I. *Background Facts*

Dalbert was indicted for aggravated kidnapping and aggravated robbery.  On September 14, 2005, the trial court determined that he was incompetent to stand trial and committed him to the state hospital.  The State contends that the trial court received a report from Dr. Robert Strayhan, a psychiatrist, on January 26, 2006, indicating that Dalbert was competent.

The State, however, does not offer a record reference in support of this contention, and we have found nothing in the record indicating that Dr. Strayhan's report was ever presented to the trial court in 2006. We assume, therefore, that it was not.

On February 22, 2006, Dalbert's counsel filed a motion to suppress any in-court identification. The trial court conducted an evidentiary hearing and denied the suppression motion on April 12, 2006. On May 12, 2006, the trial court again determined that Dalbert was incompetent. Thereafter, by correspondence dated November 14, 2006, Dr. Gail Johnson reported to the trial court that Dalbert was now competent to stand trial. Dalbert objected to a determination of his competency by the trial court, and he requested a jury trial. A jury subsequently found that Dalbert was competent to stand trial.

Dalbert proceeded to trial before a new jury on the two indictments. He pleaded guilty to both charges and true to the State's enhancement allegation. The jury assessed his punishment at confinement for life on both charges.

## II. *Issues*

Dalbert challenges the trial court's judgment with two issues. He contends first, that the trial court erred by holding a hearing on his motion to suppress before a jury found that he was competent to stand trial and second, that the trial court erred by denying his objection to a sidebar remark made by the prosecution during jury selection.

## III. *Motion to Suppress*

Dalbert moved to suppress any in-court identification evidence, contending that this testimony was tainted by a suggestive photo lineup. The trial court held an evidentiary hearing, and Dalbert's counsel announced ready. Counsel did not object to proceeding on his motion, and there is no discussion in the record of the competency proceedings. Dalbert argues now that the trial court erred by conducting the hearing because it occurred before he had been found competent to stand trial by the jury.

We need not determine if the trial court erred by considering a motion that Dalbert's counsel filed prior to a competency finding because a defendant may not create error on appeal through an action he induced. *Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009).

2

IV. *Sidebar Remark*

During voir dire, while the State was questioning venire members about the meaning of the phrase "proof beyond a reasonable doubt," Dalbert objected, saying:

> Judge, that statement there is -- excuse me, Mr. Bruce, may I make an objection? This is an attempt by Mr. Bruce to define the undefinable and I object to it, there is no definition lawfully under Texas law for beyond a reasonable doubt and all this stuff about what the law says and what it doesn't say is not part of the law. The law is that the charge to the jury is they make a finding of guilty beyond a reasonable doubt and that is the law and only the law.

Before the court could rule, the prosecutor responded to defense counsel by saying, "Good for you." Dalbert objected to the sidebar remark and asked for a mistrial. The trial court excused the venire panel, unambiguously instructed the prosecutor that his comment was out of line and that there would be no more sidebar remarks, and told both counsel that any further bickering between them in the presence of the jury would result in fines. The trial court then considered and ruled upon the original objection to the State's burden of proof question, denied Dalbert's motion for mistrial, and brought the venire panel back into the courtroom and resumed jury selection.

Dalbert argues that he was harmed by the State's sidebar remark. We assume that Dalbert's contention is that the trial court erred by denying his motion for mistrial. We review the denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). Under this standard, an appellate court must uphold the trial court's ruling as long as it is within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). In making its determination as to whether to grant a mistrial, the trial court determines whether the improper conduct is so harmful that the case must be redone. *Hawkins*, 135 S.W.3d at 76-77. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Id.*

The State does not defend the propriety of the prosecutor's comment, noting that it was sarcastic and inappropriate. The State contends, instead, that it was not harmful. We agree with the State on both counts. Dalbert correctly notes that the State may not strike at a defendant over the shoulders of his counsel or accuse defense counsel of bad faith or insincerity. *See Fuentes v. State*, 664 S.W.2d 333 (Tex. Crim. App. 1984). For example, a prosecutor is said to strike at a defendant over counsel's shoulders by accusing defense counsel of "manufacturing evidence,"

being paid to get the defendant "off the hook," or putting on witnesses who are known to be lying. *Gomez v. State*, 704 S.W.2d 770, 771-72 (Tex. Crim. App. 1985); *Bell v. State*, 614 S.W.2d 122, 123 (Tex. Crim. App. 1981).

The prosecutor's sarcastic remark did not rise to this level. It did not, for example, accuse counsel of subversive or fraudulent conduct. The trial court acted appropriately when it immediately excused the panel, dressed down both counsel for their conduct, and warned each of the consequence of further misbehavior. When the panel returned, Dalbert did not request a jury instruction or other curative measure. Given the briefness of the event, Dalbert's guilty pleas, his significant prior criminal background,[1] and the victim's injuries,[2] the prosecutor's sidebar remark was not harmful. Issue two is overruled.

## V. *Conclusion*

The judgments of the trial court are affirmed.

RICK STRANGE

JUSTICE

October 21, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]Dalbert had previous convictions for aggravated assault with a deadly weapon, assault-family violence, and burglary of a building.

[2]The victim was beaten and suffered significant, life-threatening injuries. Because of brain swelling, she was sedated and was placed on a respirator for several days. The incident occurred in January 2005. Trial was in November 2008. The victim had not fully recovered from her injuries at the time of trial.