COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



BENJAMIN DAVID CHANEY,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

§
§
§
§
§
§
§

No. 08-12-00153-CR

Appeal from the

432nd Judicial District Court

of Tarrant County, Texas

(TC# 1194233D)

## **O P I N I O N**

Benjamin David Chaney appeals from the trial court's judgment convicting him of sexual assault of a child and sentencing him to five years' imprisonment, suspended and probated for ten years. In a single issue, Chaney contends that the trial court erred by denying his motion for mistrial. We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Chaney was charged with sexually assaulting fifteen-year-old male B.G. Chaney's strategy at trial was to attack B.G.'s credibility by suggesting to the jury that B.G. lied "to gain the trust of a new friend [Jacob] because [B.G.] suffered from mild cerebral palsy." Chaney also stressed to the jury that "[the assault] was a single event." Chaney re-emphasized these themes during his closing argument at the guilt-innocence stage.

During his rebuttal argument, the prosecutor responded with the following:

> Here's the problem with everything he just said. There's no truth to it. He was friends with Jacob. Take a look at him. He was friends with Jacob for over a year before he ever told him. Over a year. But [defense counsel] would have you believe they had just met. I find it ironic –

Defense counsel objected immediately on the ground that the prosecutor was attacking him with matters not in the record. After sustaining counsel's objection, the trial court reminded the jurors that it was their responsibility to consider the testimony as they remembered it. The prosecutor then remarked:

> I find it ironic that [defense counsel] stood up here and told you this was cut out of whole cloth. 24 hours ago, 25 hours ago, he stood up here and in front of you and told you this: [B.G.'s] cerebral palsy was not that bad; he was on the basketball team. That's a lie. He was a troubled –

Defense counsel objected immediately, again on the basis that he was being attacked by matters outside the record. The trial court responded by reminding the jury that the attorneys' arguments were not evidence. After the case was submitted to the jurors, they found Chaney guilty.

Chaney elected before trial to have the jury assess punishment and, if eligible, grant him probation. Not surprisingly, Chaney put on evidence at the punishment phase establishing his eligibility for probation and the appropriateness in his particular case. During his closing argument, defense counsel thanked all the jurors, including "those . . . who . . . had . . . doubts and misgivings" and apologized to them that they had not heard of any extraneous offenses that would have "justif[ied] [their] verdict or [was] consistent with [their] verdict."

The prosecutor began his closing argument by stating:

> The first page, Judge tells you -- he instructs you, you are no longer to consider the guilt or innocence of this Defendant. He's guilty, despite [defense counsel] standing up here and telling you whatever misgivings you has [sic]. I guess he disagrees with your verdict.

2

Defense counsel objected immediately, arguing that he was being attacked again. The trial court sustained the objection and, as requested by counsel, instructed the jury to disregard. The trial court, however, denied counsel's motion for a mistrial. Following this exchange, the prosecutor argued to the jury that Chaney was a predator who groomed B.G. to rape him. In summing up this particular argument, the prosecutor stated:

> There's only one reason to do that, because that's what you're interested in. That's where you want to go. And it's obvious that relationship continued by the number of phone calls [B.G.] made to him and vice versa, because he continued to groom that child hoping to develop.
> Now, [defense counsel] sat there and suggested to you that, well, it only happened one time, so that's okay. That's probation.

Defense counsel objected immediately, arguing that the prosecutor was attacking him and was misquoting evidence, but his objection was overruled by the trial court. The prosecutor finished by reminding the jury of the predatory nature of the crime and of the lack of evidence regarding Chaney's character. Despite the prosecutor's plea, the jury granted Chaney probation.

## MISTRIAL

Chaney argues the four prosecutorial comments illuminated above "attack[ed] [him] over the shoulder of defense counsel" and "[were] so inflammatory and prejudicial that a mistrial was required . . . ." We disagree.

### *Preservation of Error*

We first address the State's contention that Chaney waived his complaints concerning the comments made by the prosecutor at the guilt-innocence stage.

### 1. Applicable Law

Traditionally and preferably, a party complaining of the trial court's failure to grant a

3

mistrial preserves error by: "(1) object[ing] in a timely manner[;] (2) request[ing] an instruction to disregard[;] and (3) mov[ing] for mistrial . . . ." *Cruz v. State*, 225 S.W.3d 546, 548 (Tex.Crim.App. 2007). However, a party need not always request an instruction to disregard to preserve a complaint for appellate review. *Id.* If an instruction to disregard would be sufficient to cure the harm caused by the objectionable comment, then a request for such an instruction is essential to the preservation of error. *Id.* Conversely, if an instruction to disregard would be insufficient, then a request for such an instruction is unnecessary, "and the denial of the motion for mistrial is sufficient by itself to preserve error for appellate review." *Id.* That said, to preserve error for appellate review, it is axiomatic that the party must have moved for a mistrial and had his request denied. *Id.* ("The only essential requirement to ensure preservation is a timely, specific request that is refused by the trial court.").

## 2. Discussion

Chaney has failed to preserve three of his four complaints for appellate review. As recounted above, Chaney objected to four separate comments made by the prosecutor, but moved for a mistrial only with respect to the prosecutor's comment to the jury that defense counsel disagreed with its verdict. In that instance, the trial court sustained counsel's objection and, as requested by counsel, instructed the jury to disregard, but denied counsel's request for a mistrial. In the three other instances, although counsel objected and received rulings on two of his objections,[1] he did not ask the trial court to instruct the jury to disregard any of the prosecutor's comments nor did he request a mistrial—not once. By failing to request a mistrial in those instances, Chaney forfeited review of his complaints that the trial court's rulings on these three

---

[1] As was shown above, the trial court failed to rule on the second objection lodged by defense counsel during the State's rebuttal argument at guilt-innocence, choosing instead to remind the jury that the attorneys' arguments were not evidence.

4

objections warranted a mistrial.  *See Cruz*, 225 S.W.3d at 548.

Chaney appears to argue that notwithstanding his failure to request a mistrial in the three other instances, a mistrial was required because "the cumulative effect of these improper arguments—including the two explicit attacks attempting to impugn counsel's character during the guilt phase—was not cured by a limiting instruction on the additional improper arguments." Chaney, however, cites no authority in support of this proposition nor does he explain why this is necessarily so.  He therefore has failed to establish that the trial court erred in failing to grant a mistrial *sua sponte*.  *See* TEX.R.APP.P. 38.1(i)("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Accordingly, the only properly preserved complaint before us is whether the trial court erred in denying Chaney's motion for mistrial regarding the prosecutor's comment to the jury that defense counsel disagreed with its verdict.

### *Motion for Mistrial*

Chaney asserts that the trial court should have granted a mistrial because the prosecutor's comment undermined the credibility of his defense to such an extent that "[w]ithout the attacks on the defense counsel," "the jury may have found [him] not guilty."  We disagree.

### 1.  Standard of Review

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex.Crim.App. 2010), *cert. denied*, --U.S.--, 131 S.Ct. 3030, 180 L.Ed.2d 846 (2011).   If the trial court's ruling is within the zone of reasonable disagreement, it must be upheld.  *Id*.

### 2.  Applicable Law

5

A mistrial is required only in extreme circumstances where the prejudice is incurable. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004); *cf. Bell v. State*, 614 S.W.2d 122, 123 (Tex.Crim.App. [Panel Op.] 1981)(holding mistrial required when prosecutor attacked defendant "over the shoulders of his counsel" by calling defense counsel's comments "lies"). Prejudice is incurable when the objectionable material is clearly calculated to inflame the minds of the jury or was of such a damaging character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App. 1998).

To determine whether prejudice is incurable, we apply a three-factor balancing test. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). We look at: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the remark); (2) the curative measures taken (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Id*. In evaluating the severity of the misconduct, we assess "whether [the] jury argument is extreme or manifestly improper [by] look[ing] at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive [Chaney] of a fair and impartial trial." *Brown v. State*, 270 S.W.3d 564, 573 (Tex.Crim.App. 2008)[Internal quotation omitted].

### 3. Discussion

When analyzed under the three-factor test articulated in *Mosley*, it is evident that the prosecutor's comment to the jury was not so prejudicial as to be incurable.

First, the magnitude of the prejudicial effect of the prosecutor's statement was minimal.

6

Although Chaney claims that the magnitude of the prejudicial effect was great because the comment suggested that defense counsel wanted to divert the jury's attention from the truth, the record reveals that the comment did not directly accuse defense counsel of lying. Rather, the comment was nothing more than the prosecutor's response to defense counsel's argument that probation was the proper sentence because the lack of extraneous offenses cast doubt on Chaney's guilt. Nor did the prosecutor's comment suggest any evidence was manufactured or inject new facts into the record. *See Mosley*, 983 S.W.2d at 260; *see also Dinkins v. State*, 894 S.W.2d 330, 357 (Tex.Crim.App. 1995)(en banc)(holding that the error was harmless even though the State's comments "cast aspersion on defense counsel's veracity with the jury."); *Gomez v. State*, 704 S.W.2d 770, 771-72 (Tex.Crim.App. 1985)(explaining that the prosecutor's jury argument accusing defense counsel of manufacturing evidence was not cured by an instruction to disregard and was thus reversible error). Further, when viewed in the entirety of the State's closing argument, we cannot conclude that there was a willful and calculated effort on behalf of the State to deprive Chaney of a fair and impartial trial. The prosecutor's comment was quick, the trial court immediately instructed the jury to disregard it, and the prosecutor did not dwell upon it during the remainder of his argument.

Second, Chaney is unable to show the trial court's instruction to disregard was not effective in curing the prejudice from the prosecutor's comments. The trial court here immediately applied the curative measure requested by Chaney—the instruction to disregard. Ordinarily, a prompt instruction to disregard cures any harm from improper argument. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000). And we generally presume that the jury will obey a trial court's instruction to disregard. *Id*. at 116. Chaney does not explain, and we do not perceive, why the

7

instruction to disregard was not effective to cure the alleged error nor does he point to anything in the record that rebuts this presumption.

Third, the certainty of Chaney's conviction absent the prosecutor's comment is high. While not overwhelming, the evidence proving Chaney sexually assaulted B.G. was nonetheless sufficient to sustain Chaney's conviction. B.G. was at Chaney's home playing video games when Chaney, returning from the bathroom with soap, asked B.G. to pause the game, pull his pants and underwear down, and bend over the bed, telling B.G. "it wasn't going to hurt that much." B.G.--scared, overwhelmed, and believing there was nothing he could do--complied. Chaney then inserted his lubricated penis in B.G.'s anus. Two to three minutes later, Chaney repositioned them onto the bed, pressing down on top of B.G. and again telling B.G. "it's not going to hurt that much." At that point, B.G. began struggling and pleading with Chaney to stop. Chaney responded by inserting his penis into B.G.'s anus again and putting a sock in B.G.'s mouth to keep him quiet. According to B.G., the "whole ordeal lasted around 10 or 12 minutes." At that time, B.G. weighed 95 to 100 pounds and Chaney approximately 310.

We conclude that the trial court did not abuse its discretion in denying Chaney's motion for mistrial. Chaney's single issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


July 10, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

8